Robert Scott GEIDEL, individually, and Ellen Stevens, individually, Plaintiffs,

v.

CITY OF BRADENTON BEACH, a Florida municipality, and Michael Charles Klemkosky and Charles Sloan, individually and as agents/employees of City of Bradenton Beach, Defendants.

No. 98–2622–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

June 9, 1999.

---

Frederick R. Mann, Jr., Law Office of Frederick R. Mann, Jr., Orlando, FL, for plaintiffs.

Gregory W. Hootman, Law Office of Gregory W. Hootman, Sarasota, FL, for defendants.

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motions to Dismiss Plaintiffs' Complaint (Dkts. 3 and 5) and Plaintiffs' Responses (Dkts. 9 and 10).

### JURISDICTION

Plaintiffs, ROBERT SCOTT GEIDEL and ELLEN STEVENS, allege that Defendants, CITY OF BRADENTON BEACH, MICHAEL CHARLES KLEMKOSKY and CHARLES SLOAN, violated their constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 (Counts I–II). The Plaintiffs back the Court's subject matter jurisdiction over these two Counts on 28 U.S.C. § 1331. Additionally, Plaintiffs allege that Defendants committed tortious acts in violation of Florida law (Counts III–IX), over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103,

104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.Pro. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla. 1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

In addition, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991). With this standard in mind, the Court turns to the claims asserted.

## BACKGROUND

The cause of action was filed on December 22, 1998 (Dkt.1). On January 19, 1999, Defendants filed Motions to Dismiss (Dkts. 3 and 5), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claims upon which relief may be granted. On February 1, 1999, Plaintiffs filed Responses and Memorandums of Law in Opposition to Defendants' Motions to Dismiss (Dkts. 9 and 10).

The Complaint alleges the following, which must be accepted as true for purposes of resolving the pending motions:

On the evening of January 11, 1995, Plaintiffs ROBERT SCOTT GEIDEL, ELLEN STEVENS, and Stevens' son were at home in Bradenton Beach, Florida. A neighbor of Geidel and Stevens had telephoned the police to report a man beating his girlfriend in the area. In response to the call, Defendants, former Officer KLEMKOSKY and Officer SLOAN, went to Plaintiffs' residence. Upon the Defendants' arrival, neighbors who had gathered at the scene told Defendants that they had the wrong home. Defendants ignored the statements, proceeded to enter Plaintiffs' residence without knocking, and searched the residence a number of times.

During the second search, Defendant Klemkosky stated that he was "looking for an ashtray," to which Plaintiff Geidel responded that he had no idea what Klemkosky was talking about. A short time later, Klemkosky asked Geidel to step outside. Geidel complied and was arrested by Klemkosky. After asking Klemkosky why he was being arrested, Geidel was thrown to the ground on his face, and handcuffed in a manner that restricted the blood flow to his hands. Defendants then jerked Geidel off the ground with force, causing Geidel extreme pain in his right shoulder, and jerked Geidel's body from side to side and up and down, while dragging Geidel off to the waiting police car.

After arresting Geidel and another individual, Defendants went into Plaintiffs' residence, and then came outside and stood in front of the residence. At this time, Plaintiff Stevens positioned herself in front of the doorway to the residence to bar further entry by Defendants. Klemkosky began to yell at Stevens, telling her that the police were going to search the house again anyway. Stevens responded that the officers would not be allowed to search the residence without a warrant.

To this, Klemkosky instructed Sloan to "get a warrant." A short time later, Sloan

reported to Klemkosky that a warrant was not approved. Klemkosky then began yelling at Stevens again, stating that he was going to re-enter the house, lock up Stevens, and put her son "in HRS custody." Klemkosky pushed Stevens out of the way in order to re-enter the house, and struck her in the forehead with his fist, leaving a large red knot on her forehead.

After the confrontation between Stevens and Klemkosky, Plaintiff Geidel, handcuffed and inside the patrol car, began kicking the patrol car window. Klemkosky went to the patrol car and asked Geidel why he was engaging in this behavior. Geidel told Klemkosky that the handcuffs were too tight and hurting his wrists, to which Klemkosky laughed and returned to the steps of the residence. When Klemkosky attempted to push his way into the residence, Geidel began kicking the window of the patrol car again. Both Klemkosky and Sloan went to the patrol car, grabbed Geidel out of the car, threw him on the ground, and placed metal leg shackles on his feet, connected to his handcuffs at his back. Defendants then repeatedly began lifting Geidel up and down, dropping and slamming his body into the patrol car. During this time, Plaintiff Stevens was able to lock the front door to the residence, barring further entry by the Defendants. Geidel was then transported to the County Jail, dragged out of the vehicle, and left lying face down, in shackles, on the concrete for approximately forty (40) minutes.

## DISCUSSION

### AS TO DEFENDANT, CITY OF BRADENTON BEACH COUNT I (VIOLATION OF 42 U.S.C. § 1983)

■ Defendant, City of Bradenton Beach, asserts that Plaintiff's Complaint is insufficient to support a § 1983 claim with respect to Count I (Dkt.6). The relevant language of 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action in at law, suit in equity, or other proper proceeding for redress ...

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court concluded that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." It is well established, however, that "a municipality may be held liable under Section 1983 *only when* the deprivation at issue was undertaken pursuant to city 'custom or policy,' and not simply on the basis of respondeat superior." *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991) (citations omitted) (emphasis added). Plaintiffs have failed to sufficiently allege that Defendants' conduct conformed to an official policy, custom, or practice of the City of Bradenton Beach.

Additionally, Plaintiffs allege that Defendant, City of Bradenton Beach, insufficiently trained, supervised, and monitored Defendants Klemkosky and Sloan, leading to the violation of 42 U.S.C. § 1983. As stated in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), "inadequacy of police training [and other deliberate choices to follow a particular course of action] may serve as the basis for § 1983 liability only where the [choice or] failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *See also Pembaur v. Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Plaintiffs have not alleged that the City of Bradenton Beach acted with deliberate indifference as to the training, supervision, or

monitoring of the officers. Plaintiffs, therefore, have failed to meet the *Canton* requirement necessary to allege a violation of 42 U.S.C. § 1983 on grounds of insufficient training, supervision, or monitoring.

### COUNT II (CONSPIRACY TO VIOLATE 42 U.S.C. § 1983)

■ Plaintiffs allege that Defendant, City of Bradenton Beach, conspired to violate their civil rights in violation of 42 U.S.C. § 1983. The three elements which Plaintiffs must allege in their complaint to survive Defendants' Motion to Dismiss on this Count are: "(1) a violation of [Plaintiffs'] federal rights; (2) an agreement among the Defendants to violate such a right; and (3) an actionable wrong." *See McMillian v. Johnson,* 878 F.Supp. 1473, 1497 (M.D.Ala.1995).

■ Count II of Plaintiffs' Complaint does not establish a claim of conspiracy to violate 42 U.S.C. § 1983 for two reasons. First, pursuant to the proceeding discussion, Plaintiffs have failed to properly allege that Defendant, City of Bradenton Beach, violated Plaintiffs' rights. Thus the third requirement necessary to establish a conspiracy to violate 42 U.S.C. § 1983, an actionable wrong, is missing.

Second, Plaintiffs' Complaint fails to sufficiently allege that the City conspired to violate Plaintiffs' civil rights. While the Complaint does state that the three Defendants "conspire[d], confederate[d], and agree[d] ... to violate the civil rights of Plaintiffs," it does not supply facts or evidence of an actual agreement between Defendants to violate Plaintiffs' rights.

Under *Conley* and Federal Rule of Civil Procedure 8(a)(2), plaintiffs are to make "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 355 U.S. at 47, 78 S.Ct. 99. This Court holds that the mere allegation that an agreement existed between Defendants is insufficient to put the City on fair notice of the grounds supporting the claim. *See Dolin v. West,* 22 F.Supp.2d 1343, 1350 (M.D.Fla.1998) ("[T]he plaintiff must plead § 1983 conspiracy claim with particularity, and simply claiming a conspiracy is not enough.").

### COUNT III (BATTERY) AND COUNT IV (FALSE IMPRISONMENT/FALSE ARREST)

In Counts III and IV of the Complaint, Plaintiffs are suing Defendant, City of Bradenton Beach, for battery and false arrest/false imprisonment, respectively. While the captions to both Count III and IV state that the only defendants involved in the Counts are Klemkosky and Sloan, the body of the Counts, immediately following the captions, allege that Plaintiffs are also suing Defendant, City of Bradenton Beach, for battery and false arrest/false imprisonment. Regardless of this discrepancy, the Court will address the validity of these claims against Defendant, City of Bradenton Beach.

■ Florida Statute § 768.28 sets forth the limited occasions when the state's sovereign immunity will be waived. A municipality can be held liable for an intentional tort committed by an employee, provided that the action at issue was within the scope of the employee's employment, and the conduct did not involve bad faith, malicious purpose, or a wanton and willful disregard of human rights, safety, or property. *See Duyser v. School Bd.,* 573 So.2d 130 (Fla.App. 4th Dist.1991).

■ Plaintiffs have specifically alleged in Count III and Count IV that Defendants Klemkosky and Sloan "acted in bad faith and/or with malicious purpose and/or in a manner exhibiting wanton and willful disregard of the human rights" of Plaintiffs Geidel and Stevens (Dkt.1). In light of this specific allegation by Plaintiffs, Defendant, City of Bradenton Beach, is immunized from liability pursuant to § 768.28(9)(a).

*COUNT VIII (NEGLIGENT AND INADEQUATE SUPERVISION) AND COUNT IX (NEGLIGENT AND INADEQUATE TRAINING)*

■ Plaintiffs allege that Defendant, City of Bradenton Beach, negligently and inadequately supervised Klemkosky and Sloan (Count VIII), and negligently and inadequately trained Klemkosky and Sloan (Count IX). In order for Plaintiffs to sustain these Counts which are predicated on negligence, they must establish: "(1) existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains; (2) failure of the defendant to perform that duty; and (3) injury or damage to the plaintiff proximately caused by such failure." *See Lake Parker Mall, Inc. v. Carson*, 327 So.2d 121, 123 (Fla.App. 2d Dist. 1976). As to both Count VIII and Count IX, Plaintiffs have not sufficiently alleged the existence of these three elements necessary to bring actions based upon negligent supervision or training.

*AS TO DEFENDANTS, KLEMKOSKY AND SLOAN, INDIVIDUALLY COUNT I (VIOLATION OF 42 U.S.C. § 1983)*

Plaintiffs contend that Defendants Klemkosky and Sloan, in their individual capacities, violated (Count I) and conspired to violate (Count II) 42 U.S.C. § 1983. Plaintiff's complaint does sufficiently allege that Defendants Klemkosky and Sloan both violated and conspired to violate the Fourth Amendment to the United States Constitution through their actions on the evening of January 11, 1995.

Defendants argue that their motion to dismiss Counts I and II should be granted on grounds that they are immunized from liability pursuant to the doctrine of qualified immunity. When deciding whether police officers are entitled to qualified immunity, this Court must first " 'determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine wheth-er that right was clearly established at the time of the alleged violation.' " *See Wilson v. Layne*, —— U.S. ——, 119 S.Ct. 1692, 1697, 143 L.Ed.2d 818 (1999) (citations omitted). Because Plaintiffs have sufficiently alleged the deprivation of their constitutional rights to be free from the use of excessive force and unreasonable searches and seizures, we must now turn to whether this right was clearly established at the time of the Officers' actions.

■ " 'Clearly established' for purposes of qualified immunity means that '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right ...' " *See Id.* at 1699 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The Fourth Amendment clearly establishes that homeowners shall be protected from entry without a warrant. *Id.* Absent exigent circumstances, an officer's conduct of entering a home without a search warrant violates the Fourth Amendment. *See Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) ("In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.")

Because Plaintiffs have sufficiently alleged that Defendants Klemkosky and Sloan violated a clearly established right, this Court must now turn to the "objective (albeit fact-specific) question [of] whether a reasonable officer could have believed the Officers' [actions] to be lawful, in light of clearly established law and the information the searching officers possessed." *See Anderson*, 483 U.S. at 641, 107 S.Ct. 3034. This Court holds that while there is clearly established law protecting Plaintiffs' constitutional rights under the Fourth Amendment, a reasonable officer could have believed that the Defendant Officers' actions were lawful in light of the

information the Defendant Officers possessed. The Officers, in their individual capacities, are, therefore, entitled to qualified immunity on Count I.

### COUNT II (CONSPIRACY TO VIOLATE 42 U.S.C. § 1983)

■ Plaintiffs allege that Defendants Klemkosky and Sloan conspired to violate Plaintiffs' civil rights, in violation of 42 U.S.C. § 1983. As was previously discussed with regard to Defendant, City of Bradenton Beach, the three elements which Plaintiffs must allege to establish a conspiracy to violate 42 U.S.C. § 1983 are: "(1) a violation of [Plaintiffs'] federal rights; (2) an agreement among the Defendants to violate such a right; and (3) an actionable wrong." *See McMillian*, 878 F.Supp. at 1497. Further, this Court has held that § 1983 conspiracy claims must be pled with particularity, and that simply claiming a conspiracy is insufficient to survive a motion to dismiss. *See Dolin*, 22 F.Supp.2d at 1350; *see also Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

Plaintiffs' Complaint simply alleges that Defendants Klemkosky and Sloan conspired to violate Plaintiffs' civil rights. While Plaintiffs did set forth facts in support of their allegation under Count II, the facts did not establish the existence of an agreement between the Defendants to violate Plaintiffs' civil rights. Because Plaintiffs have failed to allege, with particularity, an agreement between Klemkosky and Sloan to violate Plaintiffs' civil rights, Plaintiffs have failed to establish the elements necessary to plead a conspiracy to violate 42 U.S.C. § 1983.

### COUNT III (BATTERY) AND COUNT IV (FALSE ARREST/FALSE IMPRISONMENT)

■ Plaintiffs' Complaint alleges that Defendants Klemkosky and Sloan, in their individual capacities, battered Plaintiffs Geidel and Stevens, and falsely arrested/falsely imprisoned Plaintiff Geidel. With regard to Count III, Plaintiffs must establish that Defendants, Klemkosky and Sloan, (1) "act[ed] intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (2) an offensive contact with the person of the other directly or indirectly result[ed]." *See City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla.App. 3d Dist.1996) (citations omitted). Plaintiffs have sufficiently alleged within their complaint that Defendants' actions constituted battery.

■ As to Count IV, "[f]alse imprisonment is the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." *See Johnson v. Weiner*, 155 Fla. 169, 171, 19 So.2d 699 (Fla.1944). Plaintiffs have sufficiently alleged within their compliant that Defendants' actions constituted false imprisonment.

■ Defendants argue that this Court should dismiss Counts III and IV because they have statutory immunity and cannot be sued in their personal capacities. Section 768.28(9)(a), Florida Statutes, states in part:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party Defendant in any action for any injury or damage suffered as a result of any act, event or omission of action in the scope of his employment or function, unless such officer ... acted in bad faith or with malicious purpose in manner exhibiting wanton and willful disregard of human right safety or property ...

Although this particular statute provides immunity for certain officers, employees or agents of the state or its subdivisions, Section 768.28(9) includes an exception in which immunity is not afforded to persons who "acted within the scope of employment" and "acted in bad faith or with

malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property."

In Count III, Plaintiffs sufficiently allege that Defendants Klemkosky and Sloan acted in their scope of employment, and in "bad faith and/or with malicious purpose and/or in a manner exhibiting wanton and willful disregard of the human rights of Plaintiffs." In Count IV, false arrest/false imprisonment, Plaintiff Geidel alleges the very same. As pled, Defendants' actions fall into the exception to statutory immunity, and Defendants could be held liable in a personal capacity.

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

 To state a claim for intentional infliction of emotional distress under Florida law, Plaintiffs must allege: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct of the defendant caused the suffering; and, (4) the suffering must have been severe." *See Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir.1990). In order to satisfy the requirement for outrageous conduct, Plaintiffs must allege that Defendants' conduct was so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" and further that it would be "regarded as atrocious, and utterly intolerable in a civilized economy." *See Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla.1985).

 In light of this incredibly high standard, Plaintiffs have failed to establish the requirements in their Complaint to allege that Defendants, Klemkosky and Sloan, intentionally inflicted emotional distress upon Plaintiffs.

### COUNT VI (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

Count VI of Plaintiffs' Complaint alleges that Defendants Klemkosky and Sloan

negligently inflicted emotional distress upon Plaintiffs. The Florida Supreme Court has established the elements which are required to allege negligent infliction of emotional distress: "(1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person." *See Zell v. Meek*, 665 So.2d 1048, 1054 (Fla.1995).

In the case of *Ferretti v. Weber*, 513 So.2d 1333 (Fla.App. 3d Dist.1987), the Third District Court of Appeal for Florida affirmed the dismissal of a case alleging "physical and emotional injury resulting from the emotional impact of witnessing an automobile accident when the plaintiff's 'live in' ladyfriend was killed." The court held that because there was no marriage or legal relationship between the plaintiff and the deceased, there was no cause of action for emotional distress. *See id.* The same reasoning is applicable here.

Plaintiffs Geidel and Stevens have not alleged a legal relationship between one another. In actuality, the Complaint states that Stevens was Geidel's "girlfriend" (Dkt 1, pg. 3). This Court, therefore, finds that the requirements for negligent infliction of emotional distress have not been established by Plaintiffs.

### COUNT VII (MALICIOUS PROSECUTION)

Plaintiffs allege that Defendants, Klemkosky and Sloan, engaged in the malicious prosecution of Plaintiff Geidel on grounds that Geidel's arrest and prosecution was without probable cause; that Defendants maliciously pressed for formal prosecution of Geidel by the State Attorney's Office; and further, that Defendants Klemkosky and Sloan falsely accused Geidel of disposing of marijuana, and violently resisting arrest. Plaintiff Geidel was charged by Defendants Klemkosky and Sloan for tam-

pering with evidence, resisting arrest without violence, and criminal mischief.

In order for Plaintiffs to be successful on this claim, they must properly allege in their Complaint:

(i) that an original criminal or civil judicial proceeding was commenced or continued, (ii) that the defendant was the legal cause of the judicial proceeding, (iii) that the judicial proceeding was terminated in the plaintiff's favor, (iv) that probable cause for the proceeding was absent, (v) that malice was present, and (vi) that the plaintiff suffered resulting damage.

*See McCraney v. Barberi,* 677 So.2d 355, 356 (Fla.App. 1st Dist.1996).

In light of these requirements, the Court finds that Plaintiffs have sufficiently alleged malicious prosecution against the Defendants Klemkosky and Sloan. With this established, the Court must now address whether Defendants Klemkosky and Sloan are statutorily immunized from liability pursuant to Florida Statute § 768.28(9)(a). As previously discussed, those individuals who act within their scope of employment and act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety or property, will not be afforded statutory immunity under § 768.28(9).

Plaintiffs have alleged that the officers acted in their scope of employment, and in "bad faith and/or with malicious purpose and/or in a manner exhibiting wanton and willful disregard of the human rights of Plaintiffs." As pled, Defendants' actions fall into the exception precluding statutory immunity, and Defendants could be held liable in a personal capacity.

*AS TO DEFENDANTS, KLEMKOSKY AND SLOAN, IN THEIR OFFICIAL CAPACITIES COUNT I (VIOLATION OF 42 U.S.C. § 1983) AND COUNT II (CONSPIRACY TO VIOLATE 42 U.S.C. § 1983)*

Plaintiffs have elected to sue Defendants, Klemkosky and Sloan, both individually and in their official capacities, for violations of 42 U.S.C. § 1983, and conspiracy to violate 42 U.S.C. § 1983. The Eleventh Circuit has clearly established that suits brought against individuals in their official capacities for violations of 42 U.S.C. § 1983 are tantamount to suing the municipality itself. *See Busby v. City of Orlando,* 931 F.2d 764, 766 (11th Cir.1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly.")

Although Plaintiffs have chosen to bring suit against the City of Bradenton Beach and Defendants Klemkosky and Sloan, in their official capacities, their intended defendant was actually the City. As previously discussed, Plaintiffs have not sufficiently alleged that the City is liable for violations of 42 U.S.C. § 1983 because Plaintiffs have failed to establish that the Defendant Officers' actions were due to a policy or custom of the City. Further, Plaintiffs have failed to establish an agreement between the City and Klemkosky and Sloan, a necessary requirement to allege conspiracy to violate 42 U.S.C. § 1983.

*COUNTS III (BATTERY), IV (FALSE ARREST/FALSE IMPRISONMENT), V (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS), VI (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS), AND VII (MALICIOUS PROSECUTION)*

Plaintiffs allege that Defendants, Klemkosky and Sloan, are liable in their official capacities, for violations of Florida law. "A suit against a defendant in his official capacity is, in actuality, a suit against the governmental entity which employs him." *See Stephens v. Geoghegan,* 702 So.2d 517, 527 (Fla.App. 2d Dist.1997). While Plaintiffs have brought suit against Klemkosky and Sloan in their official ca-

**1370**

pacities on Counts III through VII, the true desired Defendant on these Counts is the Officers' employer, the City of Bradenton Beach, because it is the City which will bear the brunt of a decision on these claims. *See Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 ("The general rule is that a suit is against the sovereign if the 'judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' "). In extending the reasoning of *Dugan* to municipalities, this Court must analyze the legitimacy of the state law claims alleged by Plaintiffs in Counts III–VII to Defendant, City of Bradenton Beach.

As to Count III (battery) and Count IV (false arrest/false imprisonment), the Court reiterates the previous discussion made under Defendant, City of Bradenton Beach, and finds that due to Plaintiffs' specific allegation that Klemkosky and Sloan "acted in bad faith and/or with malicious purpose and/or in a manner exhibiting wanton and willful disregard of the human rights" of Plaintiffs Geidel and Stevens, City of Bradenton Beach is immunized from liability on both Counts pursuant to Florida Statute § 768.28(9)(a).

As to Count V (intentional infliction of emotional distress) and Count VI (negligent infliction of emotional distress), Plaintiffs have alleged that Klemkosky and Sloan acted within the scope of their employment, and acted "in a manner exhibiting wanton and willful disregard of the [plaintiffs'] human rights." Due to this particular pleading, this Court finds that City of Bradenton Beach, is immune from liability pursuant to Florida Statute § 768.28(9)(a) on Counts V and VI.

As to Count VII, the Court holds, in accordance with established Florida law, that Plaintiffs may not bring suit against a municipality for malicious prosecution. *See Johnson v. State of Florida's Department of Health and Rehabilitative Services,* 695 So.2d 927, 930 (Fla.App. 2nd

Dist.1997) ("Section 768.28(9)(a) bars an action for malicious prosecution against the state or its subdivisions arising from the malicious acts of their employees.").

At this time, the Court has determined that all federal causes of action are to be dismissed, with leave to amend. Therefore, there remains only state causes of action, over which the Court will not retain jurisdiction unless a federal cause of action is found to exist. Accordingly, it is

**ORDERED** that Defendant's (City of Bradenton Beach) Motion to Dismiss, (Dkt.5), Counts I, II, III, IV, VIII, and IX be **GRANTED;** Defendants' (Klemkosky and Sloan in their individual capacities) Motion to Dismiss, (Dkt.3), as to Counts I, II, V, and VI be **GRANTED,** in part, and **DENIED,** in part, as to Counts III, IV, and VII; Defendants' (Klemkosky and Sloan in their official capacities) Motion to Dismiss, (Dkt.3), as to Counts I, II, III, IV, V, VI, and VII be **GRANTED,** with prejudice. The plaintiffs shall have ten (10) days from this date to file an amended complaint. Failure to timely amend this cause will result in the dismissal of the entire action; the Court will not retain jurisdiction over the pendant state claims without having a federal cause of action before it.