**Bill R. RUSZALA, Plaintiff,**

v.

**WALT DISNEY WORLD COMPANY, Dennis Ramos, and Kevin Beary, in his official capacity as Sheriff of Orange County, Florida, Defendants.**

**No. 6:98CV988ORL18C.**

United States District Court, M.D. Florida, Orlando Division.

April 25, 2000.

Scott Louis Sterling, Law Offices of Scott L. Sterling, Orlando, FL, for Bill R. Ruszala, plaintiff.

David Leonard Evans, Mateer & Harbert, P.A., Orlando, FL, for Walt Disney World Co, a foreign corporation, defendant.

Bruce R. Bogan, Eubanks, Hilyard & Bogan, P.A., Orlando, FL, for Kevin Beary, in his official capacity as Sheriff of Orange County, Florida, defendant.

## *ORDER*

SHARP, Senior District Judge.

THIS CAUSE came before the Court upon Defendant Sheriff Kevin Beary's motion for summary judgment (Doc. 22), to which Plaintiff has responded in opposition (Doc. 28). After reviewing the record and applicable law, the Court concludes that Defendant's motion must be granted.

## I. PROCEDURAL BACKGROUND

Plaintiff Bill Ruszala brings this action against Defendants Walt Disney World Company ("WDW"), Dennis Ramos ("Ramos"), and Kevin Beary ("Beary") as Sheriff of Orange County, Florida.[1] In total, Plaintiff alleges six (6) causes of action including: false imprisonment, false arrest, malicious prosecution, defamation, violation of civil rights, and conspiracy to violate civil rights. Defendant Beary moves for summary judgment on Plaintiff's claims of false arrest and conspiracy to violate civil rights.

## II. FACTUAL BACKGROUND

On January 16, 1996, Orange County Sheriff Corporal Robert Stephens responded to a request for service from WDW. Upon his arrival at the WDW security offices, Corporal Stephens obtained the following information:

1) WDW was investigating possible employee theft at WDW's Ohana restaurant;

2) Plaintiff Bill Raszula was a server at WDW's Ohana restaurant;

3) A documented analysis of the restaurant's computerized transaction log revealed a discrepancy between the number of guests that Plaintiff "rung up" on the register and the number of guests actually served by Plaintiff;

4) Defendants McNab and Ramos, WDW security investigators, interviewed Plaintiff at the WDW security offices;

5) During his interview, Plaintiff confessed to stealing money from WDW's Ohana Restaurant;

6) Specifically, Plaintiff admitted "that he would wait on a table with a certain number of guest [sic], and ring up the bill

---

1. On March 15, 2000, the Court dismissed Plaintiff's claims against Defendants Philip McNab, Lori Shew, and Joan Weltrowski for failure to effect proper service in compliance with Fed.R.Civ.P. 4(m).

on the register, and then when another party came in with the exact number of guests, he would ring a duplicate receipt on the register and present that bill to the second set of guests. When the guests would pay the duplicate bill, the plaintiff would pocket that money." (*Affidavit of Corporal Stephens,* Doc. 23 at 2, ¶ 4.)

After obtaining the foregoing information, Corporal Stephens entered the room wherein Plaintiff was located. According to Plaintiff, Corporal Stephens "sat down, and said, I need to ask you some questions. Before I do that, I want to inform you of your rights. Would you like a lawyer present?" Plaintiff responded "yes" and all questioning was terminated. (*Deposition of Bill Ruszala,* Doc. 26 at 37.) Corporal Stephens placed Plaintiff under arrest and charged him with the third degree felony of employee theft under section 509.162(4) Florida Statutes (1995).[2]

## III. LEGAL DISCUSSION

### A. Summary Judgment Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the non-moving party, the court finds that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Hauser v. Life Gen. Sec. Ins. Co.,* 56 F.3d 1330, 1333 (11th Cir.1995). After the moving party presents evidence sufficient to show that no genuine issue of material fact exists, the burden then shifts to the non-moving party to demonstrate that a material issue of fact exists to preclude summary judgment. *See Adickes v.*

*S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). To carry its burden, the non-movant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *United States v. Gilbert,* 920 F.2d 878, 882 (11th Cir. 1991).

Rule 56 does not impose a duty upon the district court to sift through the entire record in search of evidence to support the non-movant's opposition. *See Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir.1996), citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). If the non-movant's response to the summary judgment motion consists of nothing more than mere conclusory allegations, the Court must enter summary judgment in the moving party's favor. *See Johnson v. Fleet Finance, Inc.,* 4 F.3d 946, 949 (11th Cir.1993); *Peppers v. Coates,* 887 F.2d 1493, 1498 (11th Cir.1989).

### B. The Merits of Defendant's Motion for Summary Judgment

Defendant Beary moves for summary judgment on Plaintiff's claims of false arrest (Count II) and conspiracy to violate civil rights (Count VI). In support, Defendant argues that Corporal Stephens had probable cause to arrest Plaintiff for the crime of employee theft, resulting in a complete defense to Plaintiff's claims. The Court agrees.

### 1) Plaintiff's Claim for False Arrest

■ Probable cause constitutes a complete defense to a false arrest claim. *Von Stein v. Brescher,* 904 F.2d 572, 584 n. 19 (11th Cir.1990); *LeGrand v. Dean,* 564

---

**2.** Section 509.162(4) provides: "(4) Theft of any property belonging to a guest of an establishment licensed under this chapter, or of property belonging to such establishment, by an employee of the establishment or by an employee of a person, firm, or entity which has contracted to provide services to the establishment constitutes a felony of the third degree, punishable as provided in § 775.082 or § 775.083."

So.2d 510, 511 (Fla. 5th DCA 1990); Section 901.15(2), Fla.Stat. (1987) ("A law enforcement officer may arrest a person without a warrant when ... (2) A felony has been committed and he or she reasonably believes that the person committed it").

 Probable cause to arrest exists if the facts and circumstances within the police officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense. *Ortega v. Christian,* 85 F.3d 1521, 1525 (11th Cir.1996). Probable cause does not, however, require overwhelmingly convincing evidence, but only "reasonably trustworthy information." *Id.* In determining trustworthiness, police officers are "generally entitled to rely on the veracity of information supplied by the victim of a crime." *Peterson v. City of Plymouth,* 60 F.3d 469, 474–75 (8th Cir.1995).

 Based upon the facts and circumstances within his knowledge, the Court finds that Corporal Stephens had probable cause to believe that Plaintiff committed the crime of employee theft. Plaintiff admitted as much in his deposition when he testified as follows:

Q: [D]o you believe that the deputy should not have arrested you that evening?

A: *He arrested me because I confessed to something.* Like I said, I knew that he had a job to do, so apparently I believe he was doing his job as he thought he was supposed to.

Q: Are you aware of any custom, policy or practice from the Sheriff of Orange County that condone [sic] that peoples' civil rights be violated?

A: No. I believe that's why he was professional, that he wouldn't violate my civil rights....

*(Deposition of Plaintiff Bill Raszula,* Doc. 26 at 103–04) (emphasis added).

Notwithstanding his deposition testimony, Plaintiff advances two primary arguments against a finding of probable cause. First, Plaintiff argues that Corporal Stephens could not reasonably rely on WDW employees' statements because of their "financial motives for creating probable cause" for Plaintiff's arrest. (Doc. 28 at 9.) The short answer to this conclusory allegation is that witnesses do not "create" probable cause. On the contrary, police officers independently *determine* whether probable cause exists by evaluating all available information, including the sources of that information. And as previously noted, police officers are "generally entitled to rely on the veracity of information supplied by the victim of a crime." *Peterson,* 60 F.3d at 474–75.

In this case, Corporal Stephens took statements from three WDW employees and independently evaluated the documented analysis of the restaurant's computer transaction logs. Moreover, before he was arrested, Plaintiff did nothing to raise any doubt in Corporal Stephens' mind as to the validity of his reported confession. Based upon the totality of evidence, Corporal Stephens correctly concluded that probable cause existed to arrest Plaintiff for the crime of employee theft.

Second, Plaintiff argues that Corporal Stephens should have questioned his "informant's truthfulness in reporting [Plaintiff's] supposed confession when [Plaintiff] told him on the way to jail, '*I didn't do it.*'" (*Id.* at 12) (emphasis in original). When weighed against the evidence supporting probable cause at the time of Plaintiff's arrest, however, Plaintiff's self-serving statement was simply too little, too late. *See United States v. Gonzalez,* 969 F.2d 999, 1003 n. 6 (11th Cir.1992) (probable cause determined at time of arrest.) To be sure, if probable cause was defeated every time a criminal suspect cried "*I didn't do it,*" police officers would never have probable cause to make an arrest. Plaintiff's argument borders on a Rule 11

violation and is rejected outright. *See* Fed.R.Civ.P. 11.

Because no genuine issue of material fact remains as to whether Corporal Stephens had probable cause to arrest Plaintiff, the Court holds that Defendant is entitled to summary judgment on Plaintiff's false arrest claim.

### 2) Plaintiff's Claim for Conspiracy to Violate Civil Rights

To make a prima facie case for conspiracy to violate civil rights under section 1983, Plaintiff must show: 1) a violation of Plaintiff's federal rights; 2) an agreement among the Defendants to violate those rights; and 3) an actionable wrong. *Geidel v. City of Bradenton Beach*, 56 F.Supp.2d 1359, 1364 (M.D.Fla. 1999). Thus, to sustain a conspiracy action under section 1983, Plaintiff "must show an underlying actual denial of [his] constitutional rights." *GJR Investments v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir.1998).

Because Corporal Stephens had probable cause to arrest Plaintiff, there was no underlying actual denial of Plaintiff's civil rights. See *Ortega*, 85 F.3d at 1525 (An arrest made with probable cause is an absolute bar to liability under 42 U.S.C. § 1983). Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for conspiracy to violate civil rights.

### IV. CONCLUSION

1) Defendant Beary's motion for summary judgment (Doc. 22) is **GRANTED.**

2) Plaintiff and his attorney Scott Sterling are **ORDERED TO SHOW CAUSE** within 20 days of the entry of this **ORDER** why they should not be held jointly liable for Defendant Beary's attorney's fees and costs incurred in defending this action. *See* 28 U.S.C. § 1927; 42 U.S.C. § 1988; Fed.R.Civ.P. 11.

3) Plaintiff's motion for partial summary judgment (Doc. 28) is **DENIED.**

4) Plaintiff's reply (Doc. 34) to Defendant's response is **STRICKEN.** Local Rule 3.01(b) does not authorize reply briefs unless requested by the Court.