MONROE, Judge.
G.M.F., the mother, and W.F.F., the father, were divorced in August 1983. G.M.F. was awarded custody of T.V.F., the only child born during the marriage, and W.F.F. was ordered to pay child support.
Nearly nine years later, in March 1992, W.F.F. filed a “joint motion to amend the divorce decree” on the ground that G.M.F. had told him he was not the child’s father. In an affidavit dated March 17, 1992, G.M.F. said that W.F.F. was not the father of the child; that she had no objection to W.F.F.’s being relieved of the child support obligation; and that she had contacted the Department of Human Resources to try to collect child support from the child’s biological father. She also said that she had no objection to blood tests being conducted to establish paternity.
Whether the trial court ruled on that motion is unclear; however, five months later, in August 1992, W.F.F. filed a motion to set aside the divorce judgment pursuant to Rule 60(b), Ala. R. Civ. P. This motion also was based on G.M.F.’s disclosure that W.F.F. was not the child’s father. The State Department of Human Resources intervened and opposed W.F.F.’s motion. The State moved for a summary judgment on the ground that the doctrine of res judicata prevented the relitigation of a final paternity judgment. The trial court denied the State’s motion for a summary judgment and ordered the parties to submit to blood tests. The State petitioned this court for a writ of mandamus, which was denied. The State then petitioned the Alabama Supreme Court, which granted the writ and held that the 1983 divorce judgment was a judicial determination of paternity that qualified for res judicata finality. Ex parte State ex rel. G.M.F., 623 So.2d 722 (Ala.1993). The Supreme Court also held that G.M.F.’s affidavit was inadequate to justify the granting of extraordinary relief under Rule 60(b); and furthermore, the court said, the nine-year delay in seeking relief from the judgment was an unreasonable delay. Id.
After the Supreme Court issued its opinion, the State filed a contempt petition against W.F.F., alleging nonpayment of support. W.F.F. filed a renewed petition for relief pursuant to Rule 60(b), claiming that he was entitled to reopen the matter of paternity based upon the newly enacted legislative act appearing at § 26-17A-1 et seq., Ala.Code 1975, which allows a paternity case to be reopened if there is scientific evidence that proves that a man who has been adjudicated the father of a child is in fact not the child’s father.
After a hearing, the trial court granted W.F.F.’s motion. The court found that W.F.F. was not the father of the child and held that no arrearage was due from W.F.F. The State appeals.
The State contends that the trial court erred by setting aside the paternity adjudication in the divorce judgment. Specifically, the State argues that the trial court erred in using § 26-17A-1 et seq. to reach its *146 decision in this case. Section 26-17A-1 reads in pertinent part:
“(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.”
The State says that the statute allows only a defendant who had been adjudicated the father in a prior paternity proceeding to reopen the paternity case. Because this is a divorce case in which the father has failed to pay child support, and because there has never been a paternity action brought or tried, the State says, the statute does not apply. We disagree.
As the Supreme Court held in Ex parte State ex rel. G.M.F., supra, the 1983 divorce judgment was a judicial determination of paternity. W.F.F. had no reason to question that determination of paternity until the child’s mother informed him he was not the child’s father. The record shows that blood tests were conducted on W.F.F., G.M.F., the child, and the man G.M.F. now alleges is the father, D.W. The results showed that W.F.F. was not the child’s father—that in all probability, D.W. was the child’s biological father.
This is not a case in which reopening the paternity issue will leave the child “fatherless.” While we share the State’s concerns regarding the welfare of the child and the integrity of the family unit, in this case the child is well aware of who her biological father is. She visits D.W. and he has acknowledged that she is his child. The child was not quite a year old when W.F.F. and G.M.F. were divorced. Everyone involved is aware of his or her relationship with the others involved in this case; however, the State insists on perpetuating an injustice in which it would have the man who is undisput-edly not the father continue to pay support for the child, while ignoring the man who is in fact the child’s father. To require W.F.F. to continue to pay child support for a child who is not his—especially when the identity of the biological father is known, and he is still a part of the picture—is morally reprehensible. This case involves the kind of injustice the Legislature was trying to remedy in enacting § 26-17A-1. See K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App.1995). The trial court did not err in relying on § 26-17A-1 to set aside the prior judgment determining paternity.
The State again argues that the father’s delay in bringing the Rule 60(b) motion was unreasonable and cites the Supreme Court’s opinion holding that the father’s delay was unreasonable. However, we note that the Supreme Court’s opinion was released before the Legislature enacted § 26-17A-1 et seq. Since that time, in a case involving § 26-17A-1, this court has held that a delay of 11 years after the initial adjudication of paternity before seeking Rule 60(b) relief was not an unreasonable delay. State ex rel. A.T., 695 So.2d 619 (Ala.Civ.App.1995). See also, Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990) (motion for Rule 60(b) relief filed 12 years after initial adjudication of paternity was filed within a reasonable time).
When W.F.F. and G.M.F. were divorced, W.F.F. apparently had no reason to doubt that he was the child’s father. However, nine years later, when G.M.F. told W.F.F. that he was not the child’s father, W.F.F. petitioned the court to modify the divorce judgment. In July 1993, the former husband and wife, the child, and the alleged father had blood tests conducted. The results of the tests, which excluded W.F.F. from being the child’s father and showed that the alleged father was in all probability the child’s biological father, were before the trial court.
Relief under Rule 60(b) is an extreme remedy to be granted only in extraordinary circumstances. The grant or denial of such a motion is within the sound discretion of the *147 trial court, and our review is limited to determining whether there was an abuse of that discretion. C.W. v. State Department of Human Resources, 590 So.2d 306 (Ala.Civ.App.1991). Our review of the record shows that the trial court did not abuse its discretion in modifying the divorce judgment pursuant to Rule 60(b) to set aside the prior adjudication of paternity.
The State also argues that, even if the court was correct in setting aside the paternity judgment, it erred in ruling that no arrearage was due. W.F.F. argues, however, that he is entitled to be relieved of the child support obligation pursuant to Rule 60(b)(5), Ala. R. Civ. P.
Rule 60(b)(5) reads: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.”
Rule 60(b)(5) applies “only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable.” Pollard v. Etowah County Commission, 539 So.2d 225, 227 (Ala.1989). In this case, new law, the adoption of the act appearing at § 26-17A-1 et seq., entitled W.F.F. to relief from the prior judgment. Since 1992, W.F.F. has tried to work through the system to be relieved of his child support obligation, and the mother, G.M.F., has tried to get the State to hold the biological father responsible for child support. Instead, the State has ignored the facts and has clung to a legal fiction that requires W.F.F. to be responsible for the child support. Because W.F.F. is not the child’s father, and because the identity of the child’s father is known and the father holds the child out as his own, it is no longer equitable that the judgment requiring W.F.F. to pay child support have prospective application. “Whether to grant or deny relief under Rule 60(b)(5) or (6) is within the discretion of the trial judge, and the trial court’s decision will not be reversed except for an abuse of that discretion.” Pollard v. Etowah County Commission, 539 So.2d 225, 227 (Ala.1989). Because of the extraordinary circumstances of this case, we cannot say that the trial court abused its discretion in granting W.F.F. relief under Rule 60(b)(5) from his child support obligation.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY, J., concurs in the result.
THIGPEN, J., dissents.