836 So.2d 1103 (2003)
Adan LOREDO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-241.
District Court of Appeal of Florida, Second District.
February 7, 2003.
*1104 Jeffrey Sullivan of Stidham & Stidham, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Adan Loredo appeals three convictions for lewd, lascivious, or indecent assault in violation of section 800.04(1), Florida Statutes (1997), asserting two grounds for reversal. We affirm without comment the trial court's decision not to grant a mistrial. We also affirm the admission of his confession into evidence but write to discuss several issues Mr. Loredo has raised concerning alleged police impropriety.
Arriving home from work one evening, Mr. Loredo was contacted by Detective Lewis of the DeSoto County Sheriff's Office, who asked him to come to the sheriff's station to discuss a complaint that he had sexually abused his paramour's juvenile daughter. He drove to the sheriff's office in his own car and, upon arrival, was led by the detective to an interrogation room. The detective told him that the door was closed but not locked, information that was repeated later in the interview. The record shows that Mr. Loredo was advised that he was not in custody and that he was free to get up and walk out the door any time he wished. Additionally, he was placed under oath and advised that another officer was present in case he needed anything translated from English to Spanish. He made no such request during the interrogation. Near the end of the interrogation, however, after Mr. Loredo made incriminating statements, the detective twice mentioned that she would take information provided by Mr. Loredo to the judge. During the interrogation Mr. Loredo was never provided the warnings associated with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
*1105 The standard of review for motions to suppress confessions raising issues under the Fifth Amendment and article I, section 9, of the Florida Constitution follows a two-tier inquiry. On questions of historical fact, the trial court is afforded deference. With regard to such findings the trial court is entitled to a presumption of correctness and can be reversed only if those findings are not supported by competent substantial evidence. The second tier involves a de novo review of the application of the legal standards to the historical facts as found by the trial court. Connor v. State, 803 So.2d 598, 605-08 (Fla. 2001), cert. denied, 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002). To enable the appellate court to apply this standard of review properly and effectively, the trial court must, as here, make its findings of fact on the record, either in the transcript of proceedings or in a written order.
In this case the initial issue is whether Mr. Loredo was interrogated. Because the objective in questioning him was to obtain admissions of guilt, we find that he was interrogated. Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Killian v. State, 761 So.2d 1210, 1213 (Fla. 2d DCA 2000).
The second issue is whether Mr. Loredo was in custody at the time of his interrogation, a mixed question of fact and law. The record here clearly establishes that Mr. Loredo was told he was not under arrest, that he could leave at any time; furthermore, he was given directions for exiting the station. Applying the four factors set forth in Ramirez v. State, 739 So.2d 568, 573-74 (Fla.1999), we conclude that Mr. Loredo was not in custody for purposes of Miranda and that the police were not required to give Miranda warnings. See Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).
The third issue is whether the interrogating officer's comments regarding presenting the matter to the state attorney's office and later to a judge were statements suggesting leniency. On the record of this case, we hold they were not. Not only was there no explicit suggestion of leniency, the evidence failed to establish an express quid pro quo bargain for the confession. Bruno v. State, 574 So.2d 76, 79-80 (Fla.1991) ("Statements suggesting leniency are only objectionable if they establish an express quid pro quo bargain for the confession."); Grasle v. State, 779 So.2d 334, 336 (Fla. 2d DCA 2000). We caution, however, that in another case the record may not be as clear. We urge custodial interrogators not to indicate an intention to bring the matter to a judge or to the judiciary. Because judges traditionally impose sentence, such a suggestion may imply lenience and thus coercive police conduct. A similar concern arises with suggestions to bring the matter to the state attorney, given the number of statutes that essentially place the sentencing decision into the hands of the prosecutor.
Finally, Mr. Loredo argues that the detective made false statements of evidence and promises of treatment to induce his confession. Police deception does not render a confession involuntary per se. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). The record here does not establish that law enforcement overstepped the line of permitted deception. We do suggest, however, that when law enforcement uses such deception, the legality of the confession is more likely to be sustained when Miranda warnings have been given. See State v. Cayward, 552 So.2d 971 (Fla. 2d DCA 1989).
Affirmed.
*1106 COVINGTON, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.