RAMIREZ, J.
Damon Darling appeals his conviction after a jury trial of manslaughter and aggravated assault. We affirm.
On July 1, 2006, Leroy LaRose drove to a Liberty City housing project to buy marijuana. He carried a revolver with him, because he previously had encountered gun fire when visiting the area. He exited his vehicle toward the location where he intended to buy marijuana, but his source was not at the location. During his walk, he was confronted from afar by someone who inquired regarding his purpose. From afar, both parties escalated the conflict by firing their weapons at each other. A bystander was killed during the shootout. Darling was later arrested, and went to trial before a jury on charges of: second degree murder of the bystander, with manslaughter as a lesser included offense; and attempted second degree murder of LaRose, with attempted manslaughter, aggravated assault and aggravated battery as lesser included offenses.
The defense contended Darling was not responsible for the deadly shooting because he fired in response to a perceived threat from the other shooter. The defense moved for dismissal before the trial, based upon “stand your ground” immunity. The trial court denied the motion, and consequently Darling was tried for the offenses. After trial, the jury found Darling guilty of manslaughter of the bystander, and aggravated assault of LaRose, and further, that he possessed a firearm in connection with the death of the bystander and discharged a firearm in connection with the aggravated assault.
The day after the jury verdict, an anonymous caller phoned defense counsel’s office, and claimed that two jurors, who had not disclosed in voir dire they knew each other, were overheard stating their intent to convict regardless of the evidence. Defense counsel later received a second call, in which the caller identified himself and contended that he would testify to what he heard. Defense counsel filed a motion to interview the jurors, supported by an affidavit from his secretary who received the calls. The trial court denied the motion, *577 together with defense’s motion for new trial.
Although the defendant raises numerous claims of trial court error on appeal, we only address the following issues: 1) denial of Darling’s “stand your ground” motion; 2) denial of Darling’s motion to interview jurors; and 3) admission of evidence regarding Darling’s status as a convicted felon.

The “stand your ground” immunity

Under Florida law, “[a] person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.” § 776.013(3), Fla. Stat. (2007). Additionally, the person is immune from criminal prosecution under these circumstances. § 776.032(1), Fla. Stat. (2007); Dennis v. State, 51 So.3d 456, 462 (Fla.2010).
When the defendant invokes the statutory immunity, the trial court must hold a pre-trial evidentiary hearing to determine if the preponderance of the evidence warrants immunity. See State v. Yaqubie, 51 So.3d 474, 476 (Fla. 3d DCA 2010). At this stage, therefore, the trial court must weigh and decide factual disputes as to the defendant’s use of force to determine whether to dismiss the case based on the immunity. Peterson v. State, 983 So.2d 27, 29 (Fla. 1st DCA 2008). The defendant bears the burden of proof on the issue of whether immunity attaches to his actions. Id. On appeal, the trial court’s legal conclusion is reviewed de novo, but its findings of fact are presumed correct and can be reversed only if not supported by competent substantial evidence. Id.; see also Loredo v. State, 836 So.2d 1103, 1104 (Fla. 2d DCA 2003).
In this case, the trial court complied with the procedure required for pretrial motions alleging immunity under section 776.032. The trial court held an evidentiary hearing, considered the disputed issues of fact, and on the record, announced its findings that the preponderance of the evidence did not support immunity. The trial court’s factual determinations were supported by substantial competent evidence, and its legal conclusions were not erroneous. As a result, we reject Darling’s argument the trial court’s denial of immunity was reversible error.

The juror interview

“Dealing with allegations of juror misconduct is within the discretion of the trial court.” Boyd v. State, 910 So.2d 167, 178 (Fla.2005). The trial court must determine whether the allegations relate to matters that inhere in the verdict, which cannot be probed, or are extrinsic to the verdict, for which an inquiry may be made. Id.; Devoney v. State, 717 So.2d 501, 502 (Fla.1998). If matters are extrinsic to the verdict, the trial court may either make an inquiry, or refuse to inquire because the allegations are “frivolous or incredible.” Boyd, 910 So.2d at 178 (quoting Marshall v. State, 854 So.2d 1235, 1240 (Fla.2003)). “A trial court has the discretion not to make an inquiry when it concludes that misconduct allegations are not credible.” Id. The trial court’s decision not to conduct an inquiry survives appellate review if it is supported by competent substantial evidence. Id.
In this case, the trial court’s conclusion is supported by competent substantial evidence, and thus, we conclude the trial court did not abuse its discretion in reject *578 ing Darling’s request for juror interviews. The evidence regarding the information the caller provided was presented through the person who received the calls. The defendant never proffered any direct evidence in support of his contention that the jury was tainted. Among other elements, the trial court considered the secondhand nature of the allegations, and the trial court’s own direct and regular interactions with the jurors. Thus, there was no error in denying the motion for juror interview.

Convicted felon evidence

“A trial court’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.” Alston v. State, 728 So.2d 148, 156 (Fla.1998). Evidence is admissible if relevant, and relevant evidence is evidence that relates to proof of a material fact. §§ 90.401.402 Fla. Stat. (2009); Alston, 728 So.2d at 156. “As a practical matter, generally any evidence introduced by the State during a criminal prosecution is prejudicial to a defendant.” Wright v. State, 19 So.3d 277, 296 (Fla.2009). Thus, to determine whether relevant evidence should be excluded, Florida law requires “a balancing test by the trial judge,” and “[o]nly when the unfair prejudice substantially outweighs the probative value of the evidence must the evidence be excluded.” Alston, 723 So.2d at 156.
Collateral crime evidence, such as a defendant’s previous felony conviction, should not be used where it cannot be tied to necessary proof in the case before the jury, because it risks prejudicing the jury regarding the defendant’s propensities as a criminal. See, e.g., Crossley v. State, 596 So.2d 447, 450 (Fla.1992). This is the reason for severing a charge of possession of a firearm from a convicted felon’s other charges. See, e.g., State v. Vazquez, 419 So.2d 1088 (Fla.1982).
However, “evidence that is inextricably intertwined with the crimes charged is admissible ... where it is impossible to give a complete and intelligible account of the crime charged without referring to the other crime.” Monestime v. State, 41 So.3d 1110, 1112 (Fla. 3d DCA 2010). “Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed, (2) provide an intelligent account of the crime(s) charged, (3) establish the entire context out of which the charged crime(s) arose, or (4) adequately describe the events leading up to the charged crimes.” Id. But, “even when inextricably intertwined, such evidence cannot become a feature of the trial” because it unfairly distracts the jury from the central issues in the case instead of providing the necessary context in evaluating the State’s case. Wright, 19 So.3d at 293.
Justification for using deadly force in self defense, which includes the “stand your ground” defense, does not apply to a person who provokes the attack. § 776.041(2), Fla. Stat. (2007). There are only two exceptions to this rule: (1) where there is no means of escape other than the use of deadly force, or (2) if the provoking person withdraws from physical contact or unequivocally indicates his desire to withdraw from the confrontation and the alleged victim continues or resumes the use of force. Id. Moreover, the “stand your ground” law specifically requires that the person invoking the defense “not [be] engaged in an unlawful activity.” § 776.013(3); see also Dorsey v. State, 74 So.3d 521 (Fla. 4th DCA 2011) (holding that possession of a firearm by a convicted felon qualifies as an unlawful activity within the “stand your ground” law). The question of self defense is ordinarily one for the jury. Payton v. State, 200 So.2d 255, 256 (Fla. 3d DCA 1967); see also *579 Liotta v. State, 939 So.2d 338, 334 (Fla. 4th DCA 2006).
In this case, the trial court determined that evidence of Darling’s convicted-felon status was admissible so that the jury could properly evaluate whether Darling’s use of force was justified under the circumstances. Although the trial court initially and properly severed the charge of possession of weapon by a felon, subsequently, it became evident that to decide the issue of self-defense the jury should know that Darling’s possession of the weapon was not lawful because he had a prior felony conviction. The witnesses gave differing accounts of how the shootout occurred and Darling’s role in the shootout. Darling’s possible unlawful possession of a firearm could be considered by the jury in determining the credibility of Darling’s explanation. Additionally, although referenced in closing argument, the evidence was not a central feature of the trial.
For similar reasons, the stipulation regarding severance does not make erroneous the trial court’s admission of the evidence regarding Darling’s felony conviction. The stipulation was made before trial. Circumstances changed, when Darling’s presentation of his case affected the State’s ability to prove its case without reference to the felony conviction. The trial court crafted a framework for the presentation of Darling’s felony conviction in response to the State’s efforts to adjust proof of its case.
The trial court correctly balanced the prejudice to Darling against the evidence’s relevance. The State’s evidence suggested Darling was prepared with a weapon, in the event suspected efforts to end a previous dispute might go sour. Darling suggested he simply responded to LaRose’s aggression in self-defense. The trial court could reasonably conclude that in light of these dueling explanations, the circumstances under which Darling came to possess a weapon, including that he was legally prohibited from such possession in his daily life, were necessary to the jury’s understanding. Thus, the trial court did not abuse its discretion in permitting the evidence.
We affirm Darling’s convictions, as the trial court’s actions did not result in reversible error.
Affirmed.