IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES WYATT MCGRIFF,

    Appellant,

CASE NO. 1D13-6204

v.

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed April 8, 2015.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellee.

## ON MOTION FOR REHEARING

PER CURIAM.

We grant Appellee's motion for rehearing in part and substitute this opinion in place of our original opinion.

Appellant shot and killed a man during an argument over a backyard dice

game in 2011. He was convicted of three felonies[1] and sentenced to concurrent prison terms, the longest of which is 30 years. He raises four issues in this direct appeal, and we find merit in two.

First, we agree with Appellant that the trial court abused its discretion when it instructed the jury that "if [Appellant] was engaged in an unlawful activity, [his] use of deadly force was not justified if he could have reasonably and safely avoided the use of deadly force by retreating." This was an incorrect statement of then-existing law. Section 776.012(1), Florida Statutes (2010) – the sole statute on which Appellant's self-defense claim was based – provided that "a person is justified in the use of deadly force and <u>does not have a duty to retreat</u> if [h]e . . . reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself . . . or to prevent the imminent commission of a forcible felony" (emphasis added), and this court held in <u>Garrett v. State</u>, 148 So. 3d 466, 471 (Fla. 1st DCA 2014), that "[t]he fact that [the defendant] was a convicted felon in unlawful possession of a firearm did not apply to the jury's consideration of whether [he] had a duty to retreat under section 776.012(1)." <u>Accord</u> <u>Dorsey v. State</u>, 149 So. 3d 144, 147 (Fla. 4th DCA 2014) (<u>Dorsey II</u>); <u>Rios v. State</u>, 143 So. 3d 1167, 1169-70 (Fla. 4th DCA 2014); <u>Hardison v. State</u>, 138 So. 3d 1130, 1134

---

[1] Manslaughter (count I), possession of a firearm by a convicted felon (count II), and carrying a concealed firearm (count III).

2

(Fla. 1st DCA 2014);[2] see also Hill v. State, 143 So. 3d 981, 984 (Fla. 4th DCA 2014) (en banc) (holding that the defense provided in section 776.012(1) is available to persons engaged in an unlawful activity and explaining that "[t]he addition of the words 'and does not have a duty to retreat' to section 776.012 had the effect of abrogating the common law duty to retreat before using deadly force outside the home under the circumstances indicated therein"); Little v. State, 111 So. 3d 214, 219-22 (Fla. 2d DCA 2013) (holding that a defendant engaged in an unlawful activity when he or she uses force cannot obtain immunity from prosecution based on section 776.013(3), but he or she can obtain immunity based on section 776.012(1)). This error was preserved below and was not harmless because the erroneous instruction effectively eliminated Appellant's sole defense and was emphasized several times by the prosecutor during closing argument.[3]

---

[2] We recognize that the trial court did not have the benefit of Garrett or the other cited decisions at the time of trial, and we also recognize that the Dorsey opinion relied on by the trial court to craft the jury instructions did hold that the common law duty to retreat continues to apply to a defendant who is engaged in an unlawful activity at the time he is attacked. Dorsey v. State, 74 So. 3d 521 (Fla. 4th DCA 2011) (Dorsey I); accord Morgan v. State, 127 So. 3d 708, 715-17 (Fla. 5th DCA 2013); Darling v. State, 81 So. 3d 575, 578-79 (Fla. 3d DCA 2012). However, the focus of Dorsey I was on the defense provided by section 776.013(3), not section 776.012(1). The same is true of Morgan and Darling. Moreover, in a subsequent opinion in the Dorsey case, the Fourth District held that it was fundamental error to instruct the jury that a defendant engaged in an unlawful activity had a duty to retreat when the defendant's self-defense claim was based on section 776.012(1). See Dorsey II, 149 So. 3d at 147.

[3] During his initial closing argument, the prosecutor emphasized Appellant's duty to retreat and argued that the evidence showed that Appellant could have gotten

3

Second, we agree with Appellant that the trial court abused its discretion when it "re-joined"[4] count II (possession of a firearm by a convicted felon) with the other charges for purposes of trial. The trial court's decision to re-join count II was based on its determination that Appellant's status as a convicted felon in possession of a firearm was relevant to Appellant's claim of self-defense because his duty to retreat or not turned on whether he was engaged in an unlawful activity. However, as the cases cited above now make clear, it was irrelevant whether Appellant was engaged in an unlawful activity when he used the force at issue because his self-defense claim was based upon section 776.012(1), not section 776.013(3). Accordingly, the trial court should have severed count II from the remaining charges for purposes of trial. See State v. Vazquez, 419 So. 2d 1088, 1090 (Fla. 1982); Shuler v. State, 929 So. 2d 645 (Fla. 1st DCA 2006); Monson v. State, 627 So. 2d 1301, 1302 (Fla. 1st DCA 1993).

For these reasons, we reverse Appellant's judgment and sentence on counts I (manslaughter) and III (carrying a concealed firearm) and remand for a new trial

---

away from the victim by running along the fence the victim pushed him into. Defense counsel responded in his closing argument that Appellant could not have run away because he was backed against the fence and the victim was in his escape route. In rebuttal closing argument, the prosecutor again emphasized Appellant's duty to retreat, arguing that "[t]he jury instructions say it is his duty, as a convicted felon with a firearm, to at least try . . . to run along that fence where he can and is able."

[4] The trial court initially granted Appellant's motion to sever count II from the other charges for purposes of trial, but the court subsequently "re-joined" count II with the other charges over Appellant's objection.

on those counts consistent with this opinion.  We affirm Appellant's judgment and sentence on count II (possession of a firearm by a convicted felon).  See Vazquez, 419 So. 2d at 1091 ("While the proof of Vazquez' prior conviction unfairly prejudiced his defense to the [murder and unlawful display of a firearm] counts, that proof was both relevant and admissible and not unfairly prejudicial in the firearm possession count.").

AFFIRMED in part; REVERSED and REMANDED for a new trial in part.

BENTON, WETHERELL, and SWANSON, JJ., CONCUR.