LEVINE, J.
Appellant appeals his convictions of second-degree murder with a firearm, possession of a firearm by a convicted felon, and carrying a concealed firearm. Appellant claims several errors, including the denial of his motion to sever, fundamental error in jury instructions, and error in the denial of his motion for judgment of acquittal. We find that none of these constitute error and, as such, we affirm.
Before trial, appellant moved to sever the charge of possession of a firearm by a convicted felon. from the second-degree murder charge. The prosecutor argued that appellant’s convicted felon status was admissible because a defendant cannot successfully maintain a Stand Your Ground defense if he has been engaged in unlawful activity. The trial court ruled that appellant’s convicted felon status was therefore admissible.
Evidence at trial showed that appellant shot and killed the victim at a party. According to eyewitnesses, appellant approached the victim about a bottle of liquor the victim allegedly took from appellant’s sister. Appellant punched the victim in the face and a fight ensued. The victim picked appellant up, slammed him on the ground, and put him in a headlock. Appellant’s girlfriend used a stun gun on the victim. The victim and appellant separated and were about two to four feet apart. People who had been watching the fight began to walk away. Appellant then took a gun from his waistband or pocket and shot the victim.
At the close of the state’s case, appellant moved for a judgment of acquittal on the second-degree murder charge and sought to reduce the charge to manslaughter. Appellant argued that the state had not established a depraved mind. The trial court denied the motion.
Appellant and a defense witness then testified that the victim initiated the fight. Appellant further testified that while he was in the chokehold, he felt around and grabbed a gun, which he assumed came from the victim. Appellant claimed that he fired the gun when he passed out.
*1053 The jury found appellant guilty .as charged. ,- ■
On appeal, initially appellant argues that the trial court erred in denying his motion to sever because evidence of his convicted felon status was irrelevant to the other charges. “The standard of review for the denial of a motion for severance is abuse of discretion.” Stephens v. State, 863 So.2d 434, 436 (Fla. 4th DCA 2003).
Florida’s Stand Your Ground law is codified in sections 776.012 and 776.013. Section 776.012, Florida Statutes (2010) (amended 2014), provides:
Use of force in defense of person
A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other’s imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat if:
(1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; or
(2) Under those circumstances permitted pursuant to s. 776.013.
(emphasis added).
Section 776.013, Florida Statutes (2010) (amended 2014), states:
Home protection; use of deadly force; presumption of fear of death or great bodily harm
(1) A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:
(a) The person against whom the defensive force was .used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person’s will from the dwelling, residence, or occupied vehicle; and
(b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.
Subsection (2) sets forth circumstances in which the presumption set forth in subsection (1) does not apply. The statute further provides:
(3)A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.
(emphasis added).
“Unlike section 776.013, section 776.012(1) does not -mention that the protections of the statute are unavailable to a person engaged in an unlawful activity.” Hill v. State, 143 So.3d 981, 983 (Fla. 4th DCA 2014) (en banc).[1] As such, courts *1054 have held that, when a defense is based only on section 776.012(1), it is an abuse of discretion to- refuse to sever a possession of a firearm charge from a charge of murder. State v. Vazquez, 419 So.2d 1088 (Fla.1982); McGriff v. State, 160 So.3d 167 (Fla. 1st DCA 2015). Significantly, in the instant case, however, appellant relied on both sections 776,012 and 776.013 in his defense. As such, the trial court properly admitted evidence of appellant’s convicted felon status because it was clearly relevant to the jury’s determination of whether appellant’s possession of the gun was lawful under section 776.013. Darling v. State, 81 So.3d 574 (Fla. 3d DCA 2012).
In his second issue, appellant claims the trial court committed fundamental error in instructing the jury that he had a duty to retreat. “Fundamental error is error that ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” Krause v. State, 98 So.3d 71, 73 (Fla. 4th DCA 2012) (quoting Bassallo v. State, 46 So.3d 1205, 1209 (Fla. 4th DCA 2010)). This court has held it is fundamental error to instruct a jury on a duty ' to retreat ■ where only section 776.012(1) applies, and not where section 776.013(3) is applicable. Rios v. State, 143 So.3d 1167 (Fla. 4th DCA 2014); Dorsey v. State, 149 So.3d 144 (Fla. 4th DCA 2014). In the instant case, because appellant re lied on both sections 776.012 and 776.013 in his defense, and a duty to retreat instruction was relevant and proper for section 776.013, the reading of the instruction was not in error in this case.
Appellant next claims that the trial court committed fundamental error in giving the jury an aggressor instruction, which included a duty to retreat, in conjunction with a no duty to retreat instruction. Appellant relies on Floyd v. State, 151 So.3d 452 (Fla. 1st DCA 2014), rev’d, 186 So.3d 1013 (Fla.2016)„ where the court held.that a similar instruction was conflicting and constituted fundamental error. However, during the pendency of this appeal, the supreme court quashed the First District’s decision and held that the jury instruction was not confusing, contradictory, or misleading, State v. Floyd, 186 So.3d 1013 (Fla.2016); see also Cruz v. State, 189 So.3d 822 (Fla. 4th DCA 2015).
Finally, appellant contends that the trial court erred in denying his motion for judgment of acquittal to reduce second-degree murder to manslaughter because the evidence showed only an “impulsive overreaction” and not a depraved mind. The denial of a’ motion for judgment of-acquittal is reviewed de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). An appellate court generally will not reverse a conviction that is supported by competent substantial evidence. Id. In the instant case, competent substantial evidence exists from which one could find that appellant acted with a depraved mind, as required under section 782.04(2), Florida Statutes. As such, we affirm.

Affirmed.

CIKLIN, C.J., and FORST, J., concur.

. These are the versions of the statute that were in effect at that time. In 2014, the legislature amended section 776.012(2) to state that a defendant may stand his or her ground only if "not engaged in a criminal activity and is in a place where he or she has a right to be.” Section 776.013(3) now pertains only to "[a] person who is attacked in *1054 •his- or her dwelling, residence, or vehicle," and states there is no duty to retreat, without reference to unlawful activity.