**NILES AUDIO CORPORATION, a Florida Corporation, Plaintiff,**

v.

**OEM SYSTEMS COMPANY, INC., et. al. Defendants.**

No. 01–3259–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Oct. 30, 2001.

Stephen E. Nagin, Stacey Schauer Dawes, Michael David Spivack, Nagin Gallop & Figueredo, Ronald Peter Roman, Miami, FL, for Plaintiff.

Robert Martin Schwartz, Kevin J. O'Grady, Matthew Scott Nelles, Ruden McClosky Smith Schuster & Russell, Fort Lauderdale, FL, for Defendants.

## ORDER

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendants OEM'S and Interlect's Motion to Dismiss and Memorandum in Support.

**THE COURT** has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

Plaintiff Niles Audio Corporation ("Niles") manufactures, or has manufactured by others to its specifications, various audio/video equipment and accessories, including loudspeakers, control systems for home electronics and home theater

equipment. Since 1994, Niles has promoted and sold a line of loudspeakers known by the designation "OS." There are currently six models in Niles' OS line.

On July 24, 2001, Niles filed its Complaint against Defendants OEM Systems Company, Inc. ("OEM"), Pittway Corporation d/b/a ADI ("Pittway"),[1] Interlect Marketing, Inc. ("Interlect") and one or more John Does (collectively "Defendants") alleging that Defendants are promoting and offering for sale certain audio speakers which appear to be copied from the design of Niles OS speakers. In particular, Niles alleges that "OEM CS–516" speakers—promoted and offered by Defendants—are nearly identical in appearance to the Niles OS Speakers and incorporate all of the distinguishing features of the Niles OS Speakers, including the unique triangular housing, swivel bracket, indented fastening knobs, grille and baffle.

The Complaint contains four counts. In Count I, Niles alleges federal trade dress infringement and unfair competition under 15 U.S.C. § 1125(a) against all Defendants. In Count II, Niles alleges common law unfair competition against all Defendants. In Count III, Niles alleges violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against all Defendants. Finally, in Count IV, Niles alleges breach of the settlement agreement against Defendant Interlect.[2]

On September 7, 2001, Defendants moved to dismiss the Complaint, arguing that Counts I, II and IV—all predicated on trade dress infringement—fail because the allegedly distinctive and unique features of Niles' OS speakers are functional and because Niles cannot establish that its speakers have acquired a secondary meaning. In addition, Defendants argue that as a competitor of Defendants, rather than a consumer, Niles is precluded from bring a FDUTPA claim.

## DISCUSSION

### Standard on Motion to Dismiss

■ A complaint should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). In deciding a motion to dismiss, a court can only examine the four corners of the complaint. *See Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.,* 87 F.Supp.2d 1287 (S.D.Fla.2000). Additionally, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The threshold of sufficiency that a complaint must meet is exceedingly low. *Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir.1985); *Geidel v. City of Bradenton Beach,* 56 F.Supp.2d 1359, 1362 (M.D.Fla.1999).

## I. CLAIMS PREDICATED ON TRADE DRESS INFRINGEMENT

■ Niles primary claim against Defendants is a trade dress infringement claim

---

1. On August 21, 2001, Niles voluntarily dismissed Defendant Pittway.

2. This is the fifth action brought by Niles for violation of the trade dress associated with its OS line of speakers. Interlect was a defendant in one of those prior actions, style *Niles Audio Corporation v RBH Sound, Inc; Daveco/Omage Corporation; Interlect Marketing; and one or more John Does;* United States District Court, Southern District of Florida Case No. 00–1609–CIV–KING/O'SULLIVAN. In that action, Niles and Interlect resolved their differences by entering into a settlement agreement. Count IV of this agreement appears to be Niles' attempt to enforce that settlement agreement.

based on 15 U.S.C. § 1125, known as Section 43(a) of the Lanham Act.[3] It provides in relevant part:

> Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol or device . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In order to succeed on a claim of trade dress infringement, plaintiff must demonstrate 1) that the product is distinctive or has developed secondary meaning, 2) that the features in question are nonfunctional, and 3) that the similarity between the parties' products is likely to cause confusion. *See Epic Metals Corp. v. Souliere*, 99 F.3d 1034, 1038 (11th Cir.1996).

### Nonfunctional

█ In its Complaint, Niles alleges that "[a]ll of Niles OS Speakers have a unique, distinctive and recognizable configuration and trade dress, which serve no function other than to distinguish the Niles OS line of audio speakers from Niles' competitors' speakers." (Compl.¶ 13). Accordingly, Niles has made the requisite allegation that the features of its speakers are nonfunctional. Defendants, however, contend that the promotional brochure displaying Niles' loudspeakers—attached as Exhibit A to the Complaint—belies Niles' allegations regarding functionality. In support of this argument, Defendants point to the following statements in the promotional brochure:

> [A]ll OS speakers feature a rigid, acoustically inert enclosure and tapered shape which reduce standing waves that can cancel out sound at certain frequencies, so you can enjoy deep controlled base and crystal-clear acoustics.
>
> Elegant design. Available in white or black, the OS series speakers incorporate an elegantly tapered cabinet that can be tucked neatly into corners or under eaves. All OS models feature a swiveling U-shaped mounting bracket that enables the speaker to be adjusted to the optimum position and quickly locked into place. All speakers utilize MicroPerf, a design with hundreds of perforations that mask the baffle elements, yet create an acoustically transparent grille. "Bottom line" they sound as good as they look.
>
> Tapered to tuck neatly into corners or under eaves, OS loudspeakers come with a clever pivoting bracket that provides endless mounting solutions.

(Compl. Exhibit A, pg. 6). Defendants ask the Court to compare these statements with the allegations in the Complaint and make a determination that the contested features of Niles' OS Speakers are "plainly functional."

█ A functional characteristic is one that is "essential to the use or purpose of the article or [one that] affects the cost or quality of the article." *Epic Metals Corp. v. Souliere*, 99 F.3d at 1039. "There is no bright line test for functionality." *Id.* The question of whether features are nonfunctional is one of fact. *Id.* at 1038.

It is uncontested that Niles alleges that the trade dress associated with its OS speakers is non-functional. Although Defendants argue that the promotional brochures negate these allegations, the Court finds that it cannot determine—at this

---

**3.** Count II, common law unfair competition, and Count IV, breach of settlement agreement, are based primarily on the same allega-tions as Niles' federal trade dress infringement claim.

time—whether Niles' statements in the promotional brochures actually contradict the allegations in the Complaint. The Court is not an expert in audio speakers. Therefore, it would be improper for the Court to assume that the language in the brochures, describing various features of the OS speakers, mandates a finding that those features are functional. Indeed, these are factual issues which can only be resolved after a full record is presented to the Court. Accordingly, Defendants functionality argument fails.

### Secondary Meaning

Defendants also argue that Niles fails to state a claim for trade dress infringement because the allegedly distinctive features of Niles' OS Speakers have not acquired a secondary meaning. Defendants once again rely on the promotional brochure attached to the Complaint to make this argument.

 Questions relating to secondary meaning, just like questions relating to functionality, are questions of fact. *See Brooks Shoe Manufacturing Co., Inc. v. Suave Shoe Corp.,* 716 F.2d 854, 860 (11th Cir.1983). Niles has properly alleged that the features of its OS Speakers have secondary meaning. The Court cannot determine, at this time, whether Niles' Os Speakers do not have secondary meaning. As stated above, the Court needs a full record to make such factual determinations. Accordingly, Defendants' motion to dismiss for failure to state a claim for trade dress infringement must be denied.

## II. FDUTPA CLAIM

Defendants also argue that Niles fails to state a claim under FDUTPA because Niles is a competitor of Defendants and not a consumer. Due to the recent amendments to FDUTPA, Defendants' argument fails.

 Niles FDUTPA claim is based on Florida Statute § 501.211, which authorizes a private cause of action for injunctive relief (§ 501.211(1)) and damages (§ 501.211(2)). Prior to July 1, 2001, Section 501.211 of FDUTPA provided:

> (1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.
> (2) In any individual action brought by a *consumer* who has suffered a loss as a result of a violation of this part, such *consumer* may recover actual damages.

Based on the plain language of this version of the statute, Courts have determined that competitors could seek declaratory relief under § 501.211(1), but that only consumers could seek damages under § 501.211(2). *See Big Tomato v. Tasty Concepts, Inc.,* 972 F.Supp. 662, 664 (S.D.Fla.1997); *Klinger v. Weekly World News, Inc.,* 747 F.Supp. 1477, 1480 (S.D.Fla.1990) ("Without modifying any language, the plain language of [§ 502.211(1) ] includes a broader class of complainants than merely 'consumers' "). Accordingly, the law is clear that Niles, as a competitor, may bring an action for declaratory relief under § 501.211(1).

The Florida Legislature recently amended several sections of FDUTPA, including § 501.211(2), effective July 1, 2001. Section 501.221(2) now reads:

> In any action brought by a *person* who has suffered a loss as a result of a violation of this part, such *person* may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105.

The Court finds that the Florida Legislature's replacement of the word *consumer*

with the word *person,* demonstrates an intent to allow a broader base of complainants, including competitors such as Niles, to seek damages. Indeed, this is similar to the language in Section 501.211(1), in which "anyone aggrieved" may bring an action for declaratory relief. *See Big Tomato,* 972 F.Supp. at 664. Accordingly, the Court finds that Niles' may bring a claim for both damages and declaratory relief under Section 501.211.

## III. BREACH OF SETTLEMENT AGREEMENT

██ In Count IV, Niles alleges breach of the settlement agreement against Defendant Interlect. The settlement agreement referenced in Count IV was reached in *Niles Audio Corporation v. RBH Sound, Inc.; Daveco/Omage Corporation; Interlect Marketing; and One or More John Does,* Case No. 00–1609–CIV–KING/O'SULLIVAN before United States District Judge James Lawrence King. The enforcement of this settlement agreement should be sought in the aforementioned case and not as a newly filed count in this action. Accordingly, Count IV is dismissed in this action.

### CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED in PART and DENIED in PART**. It is further,

**ORDERED AND ADJUDGED** that Count IV is DISMISSED.