STEVENSON, J.
The State appeals the trial court’s dismissal of an aggravated battery with a firearm charge against the defendant pursuant to Florida’s Stand Your Ground law, section 776.013, Florida Statutes (2009). Because the defendant was a convicted felon in possession of a firearm at the time of the shooting, the defendant was precluded from use of the Stand Your Ground defense and, thus, we reverse the dismissal.
The defendant was charged by information with aggravated battery with a firearm (count I), carrying a concealed firearm (count II), felon in possession of a firearm or ammunition (count III), and retaliation against a witness (count IV). Prior to trial, the defendant filed a motion to dismiss count I, alleging that his use of force that led to the charge was justified under the Stand Your Ground law. During the hearing on the defendant’s motion, the defendant testified that he was involved in an altercation with Anton Peavy and Andre Solomon regarding a woman with whom he had been sexually involved. Peavy and Solomon approached the defendant while he was sitting on his porch and began questioning him. Solomon had a gun and the two men were much larger in size than the defendant. According to the defendant, Peavy “snapped” and both Peavy and Solomon “rushed” him. The defendant could not flee because he was cornered on the porch. The defendant pulled out a gun that he had in his pocket and shot Peavy *435 once in the stomach. The defendant had previously been convicted of two felonies. The trial court reasoned that the defendant’s crime of possession of a firearm by a convicted felon did not preclude him from seeking dismissal under the Stand Your Ground law. Whether the trial court erred in its conclusion presents an issue of statutory interpretation that is reviewed de novo. See Anderson v. State, 87 So.3d 774, 777 (Fla.2012).
Florida’s Stand Your Ground law provides:
A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.
§ 776.013(8), Fla. Stat. (2009).
This court recently held that “possession of a firearm by a convicted felon qualifies as ‘unlawful activity’ within the meaning of the Stand Your Ground law.” Dorsey v. State, 74 So.3d 521, 527 (Fla. 4th DCA 2011). As such, the defendant’s crime of possession of a firearm by a convicted felon precludes him from seeking immunity under the Stand Your Ground law. Here, the defendant used the very instrumentality that he was not lawfully allowed to possess to injure his alleged assailant. This opinion does not, however, comment on any right the defendant may have to assert a justification defense. See Marrero v. State, 516 So.2d 1052, 1054 n. 3 (Fla. 3d DCA 1987) (stating “the defendant may very well be excused from his assault upon his assailant by reason of duress or self-defense without being excused from his possession of the firearm”); see also Dorsey, 74 So.3d at 527 (explaining that when “a defendant was engaged in an unlawful activity or was in a place where he did not have a right to be at the time he was attacked, the common law duty to retreat still applies”).

Reversed.

HAZOURI and GERBER, JJ., concur.