CLARK, J.
Petitioner seeks a writ of prohibition following the trial court’s denial of his pretrial motion to determine immunity from criminal prosecution, pursuant to section 776.032, Florida Statutes.[1] By his own *1161 admission at the motion hearing, Petitioner was engaged in the unlawful activity of a sale of a controlled substance when he fled the scene and exchanged gunfire with the buyers as he retreated. One of the buyers was shot and killed, resulting in a charge of murder against Petitioner.
Petitioner’s pre-trial motion sought the statutory immunity provided for in section 776.032(1), Florida Statutes, which provides in pertinent part:
776.032 Immunity from criminal prosecution and civil action for justifiable use of force.—
(1) A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force .... As used in this subsection, the term “criminal prosecution” includes arresting, detaining in custody, and charging or prosecuting the defendant,
(emphasis added). As the first line of the statute clearly sets out, there are three avenues by which a defendant’s use of force may qualify for the statutory immunity from prosecution: that his or her use of force was permitted by section 776.012; by section 776.013; or by section 776.031. For all three avenues, the 2005 amendments/enactments abolished the duty to retreat if the other statutory justifications for use of force, including deadly force, were met. Of the three avenues for immunity, the use of force as permitted in section 776.013 is the only avenue limited to persons “not engaged in an unlawful activity.”[2]
In this case, Petitioner’s motion in the circuit court specifically sought the immunity provided by section 776.032(1) based on his use of force as permitted in section 776.013(3), Florida Statutes. Whether constrained by the facts or other strategic considerations, he did not allege entitlement to immunity due to his use of force as authorized by either section 776.012 or 776.031. During Petitioner’s pre-trial hearing on his motion to determine immunity, his testimony was undisputed and he admitted that his use of force occurred during, or as he retreated from, a botched illegal drug-sale transaction. The circuit court ruled, and we agree, that under the undisputed facts presented at the motion hearing, immunity under section 776.032(1) was not available to Petitioner on the basis of his use of force as permitted in section 776.013(3). State v. Hill, 95 So.3d 434 (Fla. 4th DCA 2012).
While not raised by Petitioner in this Court or the circuit court proceedings, we note that statutory immunity under section 776.032(1), Florida Statutes, based *1162 on the defensive use of force as permitted in sections 776.012(1) and 776.031, is potentially available even to a person engaged in an unlawful activity at the time. See State v. Wonder, 128 So.3d 867 (Fla. 4th DCA 2013); Little v. State, 111 So.3d 214 (Fla. 2d DCA 2013). In order to sufficiently raise a claim for immunity under section 776.032(1), the defendant must identify the particular statutory basis or avenue (section 776.012; 776.013; 776.031; or any combination thereof) upon which he or she relies to justify the force used. The potential for confusion in the absence of such specification is illustrated by the certified conflict and question of great public importance in the Second District’s Little decision and the conflict with the Fourth District’s Hill decision certified in Bragdon v. State, 123 So.3d 654 (Fla. 4th DCA 2013). After alleging the particular statutory basis for a claim of immunity, the defendant must then prove the facts (reasonable belief that such force is necessary, etc.) as required by the statute upon which he or she relies to allow the court to determine whether section 776.032(1) immunity attaches.
Writ DENIED.
THOMAS and ROBERTS, JJ., concur.

. Section 776.032, Florida Statutes, is one of the statutes created by the 2005 legislation popularly referred to as the "Stand Your Ground law.” Committee Substitute for Committee Substitute for Senate Bill No. 436 (2005) was adopted by the Florida Legislature and published in Chapter 2005-27, Laws of Florida. The bill also created section 776.013 and amended sections 776.012 and 776.031, Florida Statutes. While the phrase "stand his or her ground and meet force with force" does appear in the text of section 776.013(3), chapter 2005-27 did not include the enactment of a title for the legislation. Informal *1161 references to the "Stand Your Ground law” lack the precision required for a clear and definite presentation of a legal claim, defense, argument, or ruling pertaining to the current self-defense laws. Because the legislative enactment is now codified in four separate sections of the Florida Statutes, the statutes cross-reference each other by number, and must be applied in relation to each other, the better practice for legal documents is to refer numerically to the particular section of the Florida Statutes at issue, rather than by the imprecise common parlance.

. Section 776.013(3), Florida Statutes, provides:
776.013 Home protection; use of deadly force; presumption of fear of death or great bodily harm.
[[Image here]]
(3) A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.