DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**HARVEY M. HILL,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D13-3672

[July 16, 2014]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2009CF006916AMB.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, and Cherry Grant of Good-Earnest Law, P.A., Lake Worth, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for respondent.

## *EN BANC*

STEVENSON, J.

Harvey Hill petitions for a writ of prohibition seeking review of an order denying his motion to dismiss based on self-defense immunity from prosecution. We grant the petition, remand for further proceedings, and *sua sponte* hear this matter *en banc* to clarify some overly-broad language in *State v. Hill*, 95 So. 3d 434 (Fla. 4th DCA 2012), the unintended consequences of which led the trial judge to enter the order on review. As this decision will explain, a defendant engaged in an unlawful activity is not necessarily disqualified from seeking self-defense immunity under certain provisions of the "Stand Your Ground" law, Florida Statutes Chapter 766. We recede from any language in *State v. Hill* suggesting the contrary.

*State v. Hill*

To better understand the present posture of this case, we must begin with *State v. Hill*, where the circumstances and procedural history underlying this same prosecution were discussed:

> The defendant was charged by information with aggravated battery with a firearm (count I), carrying a concealed firearm (count II), felon in possession of a firearm or ammunition (count III), and retaliation against a witness (count IV). Prior to trial, the defendant filed a motion to dismiss count I, alleging that his use of force that led to the charge was justified under the Stand Your Ground law. During the hearing on the defendant's motion, the defendant testified that he was involved in an altercation with Anton Peavy and Andre Solomon regarding a woman with whom he had been sexually involved. Peavy and Solomon approached the defendant while he was sitting on his porch and began questioning him. Solomon had a gun and the two men were much larger in size than the defendant. According to the defendant, Peavy "snapped" and both Peavy and Solomon "rushed" him. The defendant could not flee because he was cornered on the porch. The defendant pulled out a gun that he had in his pocket and shot Peavy once in the stomach. The defendant had previously been convicted of two felonies. The trial court reasoned that the defendant's crime of possession of a firearm by a convicted felon did not preclude him from seeking dismissal under the Stand Your Ground law.

95 So. 3d at 434–35.

The defendant's motion to dismiss relied on section 776.013(3), Florida Statutes (2009), which provides:

> A person *who is not engaged in an unlawful activity* and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

*Id.* at 435 (emphasis added). The State argued that the defendant, a convicted felon, was not entitled to immunity because he was engaged in unlawful activity by having possession of the firearm. The trial court's

2

order granting the motion to dismiss rejected this argument and found that the "unlawful activity" exception in this statute applies only to a separately-charged forcible felony and does not include other non-forcible felonies which occur at the same time as the felony that leads to the self-defense claim. The trial court ruled that the defendant had established by a preponderance of the evidence that he was justified in using deadly force under section 776.013. The court concluded that, pursuant to section 776.013(1)(a)–(b), there was a presumption that the defendant's use of deadly force was reasonable because the shooting occurred on his front porch.

The State appealed from the dismissal of the aggravated battery with a firearm charge, and we reversed. We explained:

> This court recently held that "possession of a firearm by a convicted felon qualifies as 'unlawful activity' within the meaning of the Stand Your Ground law." *Dorsey v. State*, 74 So. 3d 521, 527 (Fla. 4th DCA 2011). As such, *the defendant's crime of possession of a firearm by a convicted felon precludes him from seeking immunity under the Stand Your Ground law.* Here, the defendant used the very instrumentality that he was not lawfully allowed to possess to injure his alleged assailant.

*Id.* (emphasis added).

### *Hill v. State*

On remand, the defendant again moved to dismiss, but this time cited section 776.012(1) as the basis for claiming justifiable use of deadly force and seeking immunity.[1] Section 776.012(1) provides that a person attacked is justified in using deadly force to defend themselves and has no duty to retreat if "[h]e or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself." Unlike section 776.013, section 776.012(1) does not mention that the protections of the statute are unavailable to a person engaged in an unlawful activity. Nevertheless, the trial court found that this court's decision in *State v. Hill* precluded consideration of the defendant's motion due to the language in the opinion prohibiting a felon in possession of a firearm from claiming self-defense immunity "under the Stand Your Ground law." *Hill*, 95 So. 3d at 435. Hill now seeks review of the trial court's denial of this second motion to dismiss. Because we now clarify

---

[1] The motion to dismiss that was originally granted cited only section 776.013(3), Florida Statutes (2009), and did not refer to section 776.012(1).

3

that the holding in *State v. Hill* was indeed applicable only to the section of the Stand Your Ground law which was at issue in that case—section 776.013(3)—we grant the petition.

*Analysis*

Justifiable use of force is governed by the provisions of Chapter 776, Florida Statutes (2009). Chapter 776 was significantly revamped in 2005 and, since then, has been generally referred to as the "Stand Your Ground" law. Ch. 2005-27, §§ 1–4, at 200–02, Laws of Fla. Section 776.012, Florida Statutes (2009), sets out when the use of force, including deadly force, in defense of person is permissible and provides:

> *776.012.  Use of force in defense of person.*
>
> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. However, a person is justified in the use of deadly force *and does not have a duty to retreat if*:
>
> (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; *or*
>
> (2) *Under those circumstances permitted pursuant to s. 776.013.*

(emphasis added). The 2005 Stand Your Ground amendments, which are at the center of this controversy, added the italicized language above to this section. Ch. 2005–27, Laws of Fla. The addition of the words "and does not have a duty to retreat" to section 776.012 had the effect of abrogating any common law duty to retreat before using deadly force outside the home under the circumstances indicated therein.

The Stand Your Ground amendments also created new section 776.013, Florida Statutes (titled "Home protection; use of deadly force; presumption of fear of death or great bodily harm"). Subsection (1) establishes a presumption that a person has the requisite fear necessary to use deadly force in certain circumstances—such as when an intruder has forcibly entered the person's home or occupied vehicle. Importantly, this newly-created presumption does not apply to one engaged in unlawful

4

activity or where the dwelling, residence, or vehicle is being used for unlawful activity. § 776.013(2)(c), Fla. Stat. (2009).

Subsection (3) extends the so-called Stand Your Ground protections from the home to any other place that the person attacked has a right to be and, similar to subsection (2)(c), does not apply if the person attacked is engaged in an unlawful activity:

> A person *who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be* has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

§ 776.013(3), Fla. Stat. (2009) (emphasis added). The parameters for permissible use of force in this section are very similar to those in section 776.012(1), and both do away with the duty to retreat altogether in similar, if not identical, circumstances.

Section 776.032, perhaps the heart of the Stand Your Ground amendments, provides *immunity* from criminal prosecution and civil action when the use of force is permissible under section 776.012 (defense of person), section 776.013 (home protection or where person is standing in a place they have the right to be), and section 776.031 (defense of others). In granting the original motion to dismiss, the trial court erroneously concluded that Hill was entitled to the presumption of section 776.013(1) and immunity under section 776.032, despite the fact that he was a felon in possession of an illegal firearm which was used in response to his attack. We maintain our conclusion in *State v. Hill* that possession of a firearm by a convicted felon constitutes "unlawful activity" which makes Hill ineligible to receive the benefit of self-defense immunity from prosecution derived from section 776.013(3). *Accord Little v. State,* 111 So. 3d 214, 221 (Fla. 2d DCA 2013) (holding that a person engaged in an unlawful activity, such as possession of an illegal firearm by a felon, would not be entitled to claim immunity under section 776.032(1) based on the use of force as permitted in section 776.013(3)).

On the other hand, Hill's present motion for immunity travels under section 776.012(1) (use of force in defense of person), which contains no language precluding the justifiable use of deadly force where the person claiming self-defense is engaged in an unlawful activity. And, section 776.032(1) expressly extends immunity from prosecution to those who use

defensive force as permitted by section 776.012. Because Chapter 776 contains separate provisions addressing the permissible use of force, each must be analyzed individually. In *State v. Wonder,* 128 So. 3d 867, 870 (Fla. 4th DCA 2013), this court has already expressed agreement with the Second District's extensive legal analysis in *Little v. State,* concluding that the plain language of 776.032 can be understood as granting immunity to a person who qualifies under either 776.012(1) or 776.013(3) and that the "unlawful activity" exception does not exist under section 776.012(1). Thus, we recede from our statement in *Hill* that a felon in possession of a firearm cannot claim immunity "*under the Stand Your Ground law*" because the statement unintentionally went beyond the statutory provision at hand—section 776.013(3).[2]

*The interplay of section 776.012 and section 776.013(3)*

Section 776.012 provides that a person is justified in using force, including deadly force, and has no duty to retreat if he or she reasonably believes that such force "is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony." § 776.012(1). Section 776.013(3) provides that a person who is attacked in any place where he or she has the right to be, and *is not engaged in an unlawful activity,* has no duty to retreat and may stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it "is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony." The two sections appear to overlap to the extent that anyone claiming self-defense under the language of section 776.013(3) could also reasonably claim the defense under the language of section 776.012(1) as there appears to be little difference between a reasonable belief that the defensive force is necessary "to prevent *imminent* death or great bodily harm" (section 776.012(1) (emphasis added)), and a reasonable belief that the force is necessary to "prevent death or great bodily harm" (section 776.013(3)). Thus, the State argues that we should not read these statutes so as to make the "unlawful activity" limitation contained in section 776.013(3) meaningless and the statutory scheme contradictory. We are not at liberty, however, to rewrite the statute.

---

[2] The Second District certified conflict with *Hill* "[t]o the extent that the . . . decision . . . can be read as holding that a defendant who is engaged in an unlawful activity is not entitled to immunity under section 776.032(1)." *Little,* 111 So. 3d at 222. This opinion should eliminate any perceived conflict between our courts' positions on this issue.

6

There is no clear indication anywhere in the chapter that the right to seek immunity from prosecution under section 776.012 is limited to those not engaged in unlawful activity. Had this been the actual intent, then the legislature could have easily accomplished this by including a simple statement to this effect in section 776.032 or in section 776.012. We agree with Judge Northcutt that any ambiguity created by contradictory language in sections 776.012(1) and 776.013(3) requires that these provisions of the criminal code be strictly construed most favorably to the accused. *Little,* 111 So. 3d at 223 (Northcutt, J., concurring) (citing § 775.021(1), Fla. Stat. (2009)).

We note that section 776.012 was recently amended and section 776.012(2) now reads in part that "[a] person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground *if the person using or threatening to use the deadly force is not engaged in a criminal activity* and is in a place where he or she has a right to be." (emphasis added). *See* Ch. 2014-195, § 3, 2014 Fla. Sess. Law Serv. (West) (to be codified at § 776.012, Fla. Stat.). The effective date of the new amendment is June 20, 2014. *Id.* We believe that the legislature's insertion of the above-emphasized language in the statute supports our conclusion in this case. It is a well-established presumption that the legislature intends to change the law when it amends a statute. *See Mikos v. Ringling Bros.–Barnum & Bailey Combined Shows, Inc.,* 497 So. 2d 630, 633 (Fla. 1986) ("[T]here is a strong presumption that, when the legislature amends a statute, it intends to alter the meaning of the statute."); *Capella v. City of Gainesville*, 377 So. 2d 658, 660 (Fla. 1979) ("When the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment."). We also recognize that, at times, a mere change in the language of a statute "does not necessarily indicate an intent to change the law" because the intent may be to clarify what was doubtful and to erase misapprehension as to existing law. *State ex rel. Szabo Food Servs., Inc. of N.C. v. Dickinson*, 286 So. 2d 529, 531 (Fla. 1973). In the instant case, however, the existing statutory language was clear, and there was no doubt and no conflict in the case law as all of the reported cases which *directly* addressed the issue reached the same conclusion as to the correct interpretation of Florida Statutes section 776.012. *See Little*; *Wonder*.

*Conclusion*

In summary, Hill is not precluded from claiming justifiable use of force under section 776.012(1), or from seeking immunity from prosecution pursuant to section 776.032. The holding in *State v. Hill* was applicable

to the specific provisions of the Stand Your Ground law at issue in that case, namely section 776.013(3).[3]  We quash the trial court's order which denied Hill's second motion to dismiss and remand for further proceedings consistent with this opinion.  On remand, the trial court shall determine whether Hill was justified in using deadly force under section 776.012(1), and, therefore, entitled to immunity from prosecution pursuant to section 776.032.

*Petition granted.*

DAMOORGIAN, C.J., WARNER, GROSS, TAYLOR, MAY, CIKLIN, GERBER, LEVINE, CONNER, FORST and KLINGENSMITH, JJ., concur.

<p style="text-align:center">*     *     *</p>

**<p style="text-align:center">Not final until disposition of timely filed motion for rehearing.</p>**

---

[3] We acknowledge that we adhered to the holding of *Hill* in *Bragdon v. State*, 123 So. 3d 654 (Fla. 4th DCA 2013) (certifying conflict with *Little*), *petition for review granted*, No. SC13-2083 (Fla. July 2, 2014).  To the extent that the petitioner there may have relied on section 776.012 instead of section 776.013(3), *Bragdon* may need to be remanded for further proceedings.

<p style="text-align:center">8</p>