DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARIBBEAN CRUISE LINE, INC.,**
Appellant,

v.

**BETTER BUSINESS BUREAU OF PALM BEACH COUNTY, INC.,** d/b/a
**BETTER BUSINESS BUREAU OF SOUTHEAST FLORIDA AND THE
CARIBBEAN;** and **COUNCIL OF BETTER BUSINESS BUREAUS, INC.,**
Appellees.

No. 4D13-3916

[June 3, 2015]

SECOND CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 502012CA010670XXXXMB.

John H. Pelzer, Richard W. Epstein, Jeffrey A. Backman and Eric R. Feld of Greenspoon Marder, P.A., Fort Lauderdale, for appellant.

Tracy T. Segal, Wesley A. Lauer and Richard S. Kozell of Akerman LLP, West Palm Beach, for appellees.

CONNER, J.

Caribbean Cruise appeals the trial court's order granting the Better Business Bureau of Palm Beach County's[1] ("BBB") motion to dismiss. After receiving an "F" grade from BBB, Caribbean Cruise filed a complaint against BBB seeking damages and injunctive relief for defamation and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). On appeal, Caribbean Cruise argues that the trial court erred in granting BBB's motions to dismiss both counts. We affirm the trial court's order dismissing Caribbean Cruise's defamation count without

---

[1] The parent organization for the local chapter was also part of the underlying suit; however, this appeal concerns only the trial court's order granting BBB's motion to dismiss.

discussion.  However, because the trial court erred in determining that (1) the First Amendment protects against Caribbean Cruise's FDUTPA claim and (2) Caribbean Cruise must be a "consumer" in order to have standing to bring a FDUTPA claim, we reverse the trial court's order as to that count.

*Factual Background and Trial Proceedings Regarding FDUTPA Claim*

In its complaint, Caribbean Cruise explained that members of the public could access BBB's website, where they would find information about businesses, including Caribbean Cruise.  The public would find (1) a "BBB rating," the rating that BBB gave to a business, (2) whether the business has been "accredited" by BBB, and (3) other background information regarding the business.  Caribbean Cruise alleged that the BBB website was "often considered the 'go-to' source for consumers seeking to investigate businesses," and that BBB portrayed itself "as [an] unbiased, public-interest organization[], that the consuming public relies on . . . in selecting businesses to utilize and employ."

Specifically in regard to its FDUTPA claim, Caribbean Cruise alleged that BBB is deceptive in their practices, including its representation that it has an unbiased rating system and conducts an adequate investigation into the businesses for which it rates, when, in fact, it does not.  Caribbean Cruise also alleged that BBB falsely represents that it bases its grade on sixteen specifically-enumerated factors, and that BBB does not inform the public that it partially relies on whether a business is "accredited" in grading that business.  A business must pay a sum of money to BBB to become accredited.

In its motion to dismiss, BBB responded that (1) the fact that BBB's statements reflect a pure opinion guarantees First Amendment protection of the statements from a FDUTPA claim, and (2) FDUTPA is inapplicable to Caribbean Cruise's relationship with BBB, since FDUTPA claims protect *consumers* and Caribbean Cruise was not in a consumer relationship with BBB.  The trial court agreed, granting BBB's motion to dismiss, finding that the First Amendment protects pure opinion from a FDUTPA claim, and there was no allegation that Caribbean Cruise was a consumer under FDUTPA.

*Appellate Analysis*

"[T]he ruling on a motion to dismiss for failure to state a cause of action is subject to *de novo* standard of review."  *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 495 (Fla. 4th DCA 2001) (citation omitted)

2

(internal quotation marks omitted). In viewing a cause of action under FDUTPA,

> [t]o state a claim for injunctive and declaratory relief, Plaintiff must allege that Defendants engaged in a deceptive act or practice in trade and that Plaintiff is a person "aggrieved" by the deceptive act or practice. A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

*Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009) (citations omitted) (internal quotation marks omitted). Since the trial court granted BBB's motion to dismiss on two grounds, protection under the First Amendment and Caribbean Cruise's lack of status as a consumer, we will discuss each ground.

*First Amendment Protection*

BBB argued, and the trial court agreed, that its statements were protected as pure opinion under the First Amendment in regards to the FDUTPA claim. However, Caribbean Cruise's argument in support of its FDUTPA claim is based on representations made by BBB, not the opinions it issues. Caribbean Cruise alleged that BBB represents it conducts an investigation into the businesses it grades, but does not; it uses sixteen factors to determine a grade, but does not; and the complaints it uses are from customers, when some are not. Caribbean Cruise also alleged that BBB hides information from the public, in the form of not disclosing how BBB's accreditation process affects the grades of businesses. These are not disputes with opinions issued by BBB, but instead, are disputes with the representations that BBB makes, and the methods it employs, in conducting its own business.

Therefore, since Caribbean Cruise's allegations do not challenge statements of BBB's opinions, the First Amendment did not protect BBB from Caribbean Cruise's FDUTPA claim, based on the facts as alleged in the complaint. *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981). Thus, we reverse as to that ground.

*Caribbean Cruise as a Consumer*

BBB argued, and the trial court agreed, that since Caribbean Cruise was not a consumer of BBB's services, it did not have standing to bring a FDUTPA claim. Courts are split as to whether an individual or business must be a consumer in order to bring a valid FDUTPA claim.

The main focus on the consumer inquiry, and whether an entity must be a consumer in order to have standing to bring a FDUTPA claim, involves the 2001 amendment to section 501.211(2), Florida Statutes. Prior to 2001, section 501.211(2) read:

> In any individual action *brought by a consumer* who has suffered a loss as a result of a violation of this part, *such consumer* may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105; however, no damages, fees, or costs shall be recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

§ 501.211(2), Fla. Stat. (2000) (emphasis added). After 2001, the section reads:

> In any action *brought by a person* who has suffered a loss as a result of a violation of this part, *such person* may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

§ 501.211(2), Fla. Stat. (2001) (emphasis added). As can be seen, the amendment changed who could bring an action from "a consumer" to "a person." Additionally, during the same session, the Legislature also amended section 501.203(7), Florida Statutes, to change the definition of "consumer" to include a "business" and "commercial entity." *Compare* § 501.203(7), Fla. Stat. (2000) ("'Consumer' means an individual; child, by and through its parent or legal guardian; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; or any other group or combination."), *with* § 501.203(7), Fla. Stat. (2001) ("'Consumer' means an individual; child, by and through its parent or legal guardian; *business*; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; *any commercial entity, however denominated*; or any other group or combination.") (emphasis added).

Since state court decisions regarding FDUTPA claims are rare, *see Beacon Prop. Mgmt., Inc. v. PNR, Inc.*, 890 So. 2d 274, 278 (Fla. 4th DCA

4

2004), it is instructive to look at the decisions of the United States District Court analyzing FDUTPA claims.

Holdings from the District Courts are outwardly mixed when it comes to whether courts require a plaintiff to be a consumer in order to bring a FDUTPA claim. In looking at post-2001 cases, the Southern District of Florida described this split in decisions:

> There are several cases that support the firm's argument that only consumers may sue for damages under FDUTPA. *See, e.g., Kertesz v. Net Transactions, Ltd.,* 635 F.Supp.2d 1339, 1349-50 (S.D.Fla.2009) (holding that plaintiff, as a non-consumer, was not entitled to bring a claim for monetary damages under FDUTPA); *Cannova v. Breckenridge Pharm., Inc.,* No. 08-81145-CIV, 2009 WL 64337, at *3 (S.D.Fla. Jan. 9, 2009) (dismissing FDUTPA claim because plaintiff failed to allege he acted as a consumer in the conduct of trade or commerce); *Goodbys Creek, LLC v. Arch Ins. Co.,* No.3:07-cv947-J-33HTS, 2008 WL 2950112, at *8-*9 (M.D.Fla. July 31, 2008) ("Only consumers may bring private suit under FDUTPA.").
>
> However, other cases hold that *non*-consumers may sue under FDUTPA. . . . Several courts have reasoned that this amendment [the 2001 amendment] "demonstrates an intent to allow a broader base of complainants . . . to seek damages" under FDUTPA. *Niles Audio Corp. v. OEM Sys. Co., Inc.,* 174 F.Supp.2d 1315, 1320 (S.D.Fla.2001) (competitor could seek damages under newly amended § 501.211(2)); *see also North Amer. Clearing, Inc. v. Brokerage Computer Sys.,* 666 F.Supp.2d 1299, 1309–10 (M.D.Fla.2009) (declining to grant summary judgment merely because the plaintiff was not a consumer); *James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth Telecomms., Inc.,* No. 3:07–cv–598–J–32MCR, 2008 WL 360803, at *2–*3 (M.D.Fla. Feb. 8, 2008) ("Courts in this district have held that [the 2001 amendment replacing "consumer" with "person"] demonstrates a clear legislative intent to allow a broader base of complainants who have been injured by violations of FDUTPA to seek damages, not just injunctive relief."); *True Title, Inc. v. Blanchard,* No. 6:06–cv–1871–Orl–19DAB, 2007 WL 430659, at *3–*4 (M.D.Fla. Feb. 5, 2007); *Advanced Protection Technologies, Inc. v. Square D. Co.,* 390 F.Supp.2d 1155, 1164 (M.D.Fla.2005); *Gritzke v.*

> *M.R.A. Holding, LLC,* No. 4:01CV495–RH, 2002 WL 32107540,
> at *4 (N.D.Fla. March 15, 2002).

*Kelly v. Palmer, Reifler, & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1372-73 (S.D. Fla. 2010) (footnote omitted). In *Kelly*, the court aligned itself with the group of cases which held that an entity was *not* required to be a consumer in order to have standing to bring a FDUTPA claim. *Id.* at 1373-74. This was because the court agreed that the 2001 amendment "served to broaden the reach of the statute so that more than just *consumers* could avail themselves of the protection of this statute." *Id.* at 1374.

We agree with the reasoning in *Kelly*. "It is a well-established presumption that the legislature intends to change the law when it amends a statute." *Hill v. State*, 143 So. 3d 981, 986 (Fla. 4th DCA 2014). Therefore, the legislative change regarding the claimant able to recover under FDUTPA from a "consumer" to a "person" must be afforded significant meaning. This change indicates that the legislature no longer intended FDUTPA to apply to only consumers, but to other entities able to prove the remaining elements of the claim as well.

BBB makes two points in support of its argument that an entity must be a consumer in order to have standing to bring a FDUTPA claim. First, is this court's decision in *Beacon Property*, and second is our supreme court's definitions of terms for the elements of a FDUTPA claim.

First, BBB largely relied upon, and seemingly, so did the trial court, our holding in *Beacon Property*. In *Beacon Property*, we stated that "[a]t least two state court decisions-rare events in FDUTPA litigation-have held that business entities may not use FDUTPA for damages actions unless they *involve transactions in which the business entity was itself acting as a consumer.*" 890 So. 2d at 278 (emphasis added). However, although the decision issued in 2004, the analysis in the case was as to the 1993 version of section 501.211(2), and the two cases we mentioned were both decisions issued prior to the 2001 amendment of the statute. *Id.* Since this holding was based on the state of the law prior to the 2001 amendment to section 501.211(2), the basis of that holding is no longer applicable based on our analysis of the statute as amended.

Second, is our supreme court's definitions of "unfair practice" and "deception" in conjunction with the first element of a FDUTPA claim. Our supreme court has defined an "unfair practice" as "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to *consumers.*" *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 777 (Fla. 2003) (emphasis added)

(citations omitted) (internal quotation marks omitted).  Additionally, it has defined "deception" as "a representation, omission, or practice that is likely to mislead the *consumer* acting reasonably in the circumstances, to the *consumer's detriment.*" *Id.* (emphasis added) (citation omitted) (internal quotation marks omitted).

Although these definitions discuss harm in the context of consumers, neither definition requires that the entity has to be a consumer to have standing to bring a FDUTPA claim.  Therefore, while the claimant would have to prove that *there was an injury or detriment to consumers* in order to satisfy all of the elements of a FDUTPA claim, the claimant *does not have to be a consumer* to bring the claim.

We therefore align ourselves with the courts which have held that an entity does not have to be a consumer in order to have standing to bring a FDUTPA claim, and we reverse as to the second ground for dismissal used by the trial court.  In support of this holding, we rely on the legislature's 2001 amendment to section 501.211(2), defining who may bring the claim.

Having reversed the trial court's order dismissing Caribbean Cruise's motion to dismiss on both grounds, we remand the case for proceedings consistent with this opinion.

*Affirmed in part, reversed in part, remanded.*

DAMOORGIAN, C.J., and FORST, J., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**