LEWIS, J.,
concurring.
I fully concur with reversing Appellant’s judgment and sentence for second-degree murder and remanding for a new trial on the basis that the trial court reversibly erred by failing to instruct the jury on Appellant’s theory of self-defense based on *1004 section 776.012(1), Florida Statutes (2012),[1] notwithstanding the fact that he was a convicted felon in unlawful possession of a firearm at the time of the deadly shooting. See McGriff v. State, 160 So.3d 167, 168-69 (Fla. 1st DCA 2015) (holding that the trial court abused its discretion by instructing the jury that “ ‘if [Appellant] was engaged in an unlawful activity, [his] use of deadly force was not justified if he could have reasonably and safely avoided the use of deadly force by retreating’” because it was an incorrect statement of the then-existing law, and remanding for a new trial “because the erroneous instruction effectively eliminated Appellant’s sole defense and was emphasized several times by the prosecutor during closing argument”); Miles v. State, 162 So.3d 169, 171-72 (Fla. 5th DCA 2015) (holding that “a defendant could assert immunity under section 776.012 even if he or she was engaged in an unlawful act at the time”); Roberts v. State, 168 So.3d 252, 258-62 (Fla. 1st DCA 2015) (finding that although the trial court misstated the law when it instructed the jury that the appellant had a duty to retreat if she was engaged in an unlawful activity, the error was not fundamental under the facts of the case because it did not negate her theory of defense); Garrett v. State, 148 So.3d 466, 471 (Fla. 1st DCA 2014), review granted, SC14-2110, 2015 WL 2171635 (Fla.2015) (“The fact that [the appellant] was a convicted felon in unlawful possession of a firearm did not apply to the jury’s consideration of whether [he] had a duty to retreat under section 776.012(1).”); Hill v. State, 143 So.3d 981, 984-86 (Fla. 4th DCA 2014) [en banc) (holding that the defense provided in section 776.012(1) is available to persons engaged in an unlawful activity). I also agree with affirming Appellant’s judgment and sentence on the remaining counts without comment.

. The Legislature has resolved the problem now before us by amending section 776.012, effective June 20, 2014, to grant immunity only to a person "not engaged in criminal activity.” § 776.012, Fla. Stat. (2014).