KELSEY, J.,
concurring in part and dissenting in part with opinion.
I concur in the affirmance of Appellant’s judgments and sentences for carrying a concealed firearm and possession of a firearm by a convicted felon during the 2012 killing at issue! I respectfully dissent, however, with respect to the jury instructions for first-degree murder and the lesser-included offense of second-degree murder. In my view, Appellant is not entitled to a Stand Your Ground instruction because he was engaged in unlawful activity (the firearm violations) at the time of the killing.
I recognize that the majority’s disposi-' tion of this case is consistent with this Court’s own precedent, by which we are bound absent an en banc determination to the contrary. See Roberts v. State, 168 So.3d 252 (Fla. 1st DCA 2015); McGriff v. State, 160 So.3d 167 (Fla. 1st DCA 2015); Ross v. State, 157 So.3d 406 (Fla. 1st DCA 2015); Garrett v. State, 148 So.3d 466, 471 (Fla. 1st DCA 2014), review granted, No. SC14-2110, 2015 WL 2171635 (Fla.2015). Nevertheless, my analysis leads me to a contrary conclusion, which others have reached as well. See Darling v. State, 81 So.3d 574, 578-79 (Fla. 3d DCA) (“Moreover, the ‘stand your ground’ law specifically requires that the person invoking the defense ‘not [be] engaged in an unlawful activity.’ ”), review denied, 107 So.3d 403 (Fla.2012).[2] The Fourth and Fifth Districts initially reached the same conclusion. Morgan v. State, 127 So.3d 708, 716 (Fla. *1005 5th DCA 2013) (“[T]he ‘no duty to retreat’ rule applies only when a person ‘is not engaged in an unlawful activity.’ ”); Dorsey v. State, 74 So.3d 521, 527 (Fla. 4th DCA 2011) (“The plain language of section 776.013(3) provides that the ‘no duty to retreat’ rule applies only when a person ‘is not engaged in an unlawful activity.’”), review dismissed, 2015 WL 4394054 (Fla. 2015) (on petitioner’s notice of dismissal). This was the state of the law when Appellant committed the offenses at issue here. Both the Fourth and the Fifth Districts have subsequently receded from their pri- or holdings. See Miles v. State, 162 So.3d 169, 171 (Fla. 5th DCA 2014); Hill v. State, 143 So.3d 981, 985-86 (Fla. 4th DCA 2014) (en banc).
I recognize this weight of authority, but I cannot conclude that the second sentence of section 776.012 of the Florida Statutes in effect from 2005 to 2014 was intended to be an elective alternative to section 776.013(3). The two provisions apply “in similar, if not identical, circumstances.” Hill, 143 So.3d at 984. They “appear to overlap” with respect to the degree of threatened harm that triggers the right of defensive force. Id. at 985. These two sections should not be interpreted as if the other did not. exist; but rather, they should be interpreted in harmony as part of a cohesive whole. E.g., Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (“[I]t is axiomatic that all parts of a statuté must be read together in order to achieve a consistent whole.... Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.”). Furthermore, to the extent of any inconsistency or repugnancy between the two sections, the more specific must prevail over the more general. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959) (noting the “well settled rule of statutory construction ... that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation ‘the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any.’ ”) (quoting State v. McMillan, 45 So. 882, 884 (Fla.1908)).
An interpretation of these two provisions of chapter 776 that ends up meaning the same thing for persons engaged in unlawful activity and those not so engaged improperly renders meaningless the unlawful activity exception of section 776.013(3). See, e.g., Bretherick v. State, 170 So.3d 766, 773 (Fla.2015) (applying in Stand Your Ground context rule of statutory construction to “avoid readings that would render part of a statute meaningless”). The Legislature stated in the preamble to the 2005 enactment of the Stand Your Ground law that it was intended to provide new rights to “law-abiding people.” Ch. 2005-27, preamble, Laws of Fla. Properly interpreted, the specific unlawful activity exception of section 776.013(3) applies to the general rule stated in section 776.012. When the Legislature amended chapter 776 in 2014 to repeat the criminal activity exception expressly within section 776.012 itself, the final bill analysis described this as a clarifying change, noting cases that had treated the two sections inconsistently. Fla. H.R. Judiciary Comm., HB 89 (2014) Staff Analysis 1, 5-6 & n. 18 (final June 27, 2014) (citing Pages, 134 So.3d 536; State v. Wonder, 128 So.3d 867 (Fla. 4th DCA 2013); Little v. State, 111 So.3d 214 (Fla. 2d DCA 2013)). For these reasons, I would affirm Appellant’s judgment and sentence for second-degree murder.

. The Fifth District in Miles v. State, 162 So.3d 169, 171 (Fla. 5th DCA 2015), asserted that the Third District concluded to the contrary in Pages v. Seliman-Tapia, 134 So.3d 536, 539 (Fla. 3d DCA 2014). However, the court in Pages construed only the first sentence of section 776.012 dealing with non-deadly force. Pages, 134 So.3d at 539-40.